DEPARTMENT OF TRANSPORTATION v CAMPBELL

Docket No. 102242. Submitted June 16, 1988, at Detroit. Decided December 9, 1988.

The Department of Transportation brought a condemnation action in Oakland Circuit Court to acquire private property, including a gasoline station operated by Marcus Campbell, in connection with the construction of I-696. The department filed a motion in limine seeking to bar Campbell from introducing evidence of the value of the gasoline station as a going concern. The trial court, Jessica R. Cooper, J., granted the motion. Campbell appealed.

The Court of Appeals *held:*

1. In a condemnation case, the going-concern value of a business is determined by analyzing the transferability of the business to another location. If the business can be transferred, nothing is taken and compensation is not required. Whether a business is transferable is a factual question and must be determined case by case.

2. The trial court abused its discretion in refusing to allow Campbell to present evidence of the going-concern value of his business.

Reversed and remanded.

1. EVIDENCE — APPEAL.

A trial court's decision whether to admit or exclude certain evidence will not be disturbed on appeal absent an abuse of discretion.

2. EMINENT DOMAIN — BUSINESS PROPERTY — GOING-CONCERN VALUE.

In a condemnation action, the value of a business as a going concern is determined by analyzing the transferability of the business to another location; if the business can be transferred, nothing is taken and compensation is not required.

REFERENCES

Am Jur 2d, Eminent Domain §§ 285-287; Evidence § 251.

Good will as element of damages for condemnation of property on which private business is conducted. 81 ALR3d 198.

*Frank J. Kelley*, Attorney General, *Louis J. Caruso*, Solicitor General, *Ronald F. Rose*, Assistant Attorney General, and *S. Nicholas Frontczak*, Special Assistant Attorney General, for plaintiff.

*Ackerman & Ackerman, P.C.* (by *Alan T. Ackerman*), for defendant.

Before: SHEPHERD, P.J., and HOLBROOK, JR., and M. D. SCHWARTZ,* JJ.

PER CURIAM. Defendant appeals as of right from the lower court ruling excluding specific evidence of the value of his business as a going concern in this condemnation action. We reverse.

Defendant operated and leased a Shell Oil gas station at 10 Mile Road and Woodward Avenue in Pleasant Ridge, Michigan. The property was condemned by plaintiff, Michigan Department of Transportation, in August of 1983, in furtherance of the construction of Interstate 696 in Oakland County. The trial court granted plaintiff's motion in limine to bar defendant from bringing forward evidence of the going-concern value of his business. The trial judge granted plaintiff's motion, ruling that a service station is not a unique business, and therefore defendant is not entitled to compensation for loss of good will, going-concern value, locational advantage or business opportunity. Defendant was allowed to submit affidavits with the order of dismissal in support of his argument that the business was unique.

A controversy over the going-concern value of a business is treated as an evidentiary issue on appeal, with this Court deciding whether the evidence of the going-concern value of a business was

---

* Circuit judge, sitting on the Court of Appeals by assignment.

properly admitted or excluded at trial. *Detroit v Michael's Prescriptions,* 143 Mich App 808, 811; 373 NW2d 219 (1985). The decision whether to admit or exclude certain evidence will not be disturbed on appeal absent an abuse of discretion. *Guider v Smith,* 157 Mich App 92, 103-104; 403 NW2d 505 (1987).

The going-concern value of a business is its intangible value. In a condemnation case, this value is determined by analyzing the transferability of the business to another location. If the business can be transferred, nothing is taken and compensation is not required. *Michael's Prescriptions, supra,* p 819. Whether a business is transferable is a factual question and must be determined on a case-by-case basis. *Id.*

We find that the trial judge abused her discretion by refusing to allow defendant to present evidence of the going-concern value of his business. Defendant, at the hearing on plaintiff's motion in limine, stated that his business was unique because of the location and that it could not be transferred. He alleged that the location provided an increased traffic flow, that he was unable to obtain the more valuable Shell franchise at the new location, and that none of his former customers patronized the new station. The uniqueness of a property must be determined by the trier of fact in each case, and defendant was entitled to present evidence on this issue.

Accordingly, we reverse the lower court order and remand this matter for trial.