HARTMAN v ASSOCIATED TRUCK LINES

Docket No. 103414. Submitted October 5, 1988, at Detroit. Decided
July 17, 1989.

In 1982 John Hartman retained an attorney under a contingent
fee agreement to bring an action in Wayne Circuit Court
seeking payment of no-fault automobile insurance benefits by
Associated Truck Lines. The trial court, Susan D. Borman, J.,
granted summary judgment in favor of plaintiff in 1985, award-
ing plaintiff $40,061.16 plus interest on the judgment. The
Court of Appeals affirmed the trial court's grant of summary
judgment in an unpublished opinion per curiam, decided No-
vember 25, 1986 (Docket No. 89927). Plaintiff subsequently
sought in the trial court an award of attorney fees in the
amount of $20,000. The trial court, finding that defendant had
unreasonably refused to pay no-fault benefits to plaintiff,
awarded $5,804 in attorney fees pursuant to the no-fault act,
stating that the factor it considered in making the award was
"the number of hours which should have been spent by a senior
attorney, by an associate attorney, and by a clerk or secretary
in representing plaintiff in this matter, multiplied by an appro-
priate hourly rate for each person." Plaintiff appealed.

The Court of Appeals *held:*

1. The controlling criterion in evaluating a trial court's
award of attorney fees is reasonableness. While there is no
precise formula for computing the reasonableness of attorney
fees, several guidelines must be considered: (1) the professional
standing and experience of the attorney; (2) the skill, time and
labor involved; (3) the amount in controversy and the results
achieved; (4) the difficulty of the case; (5) the expenses incurred;
and (6) the nature and length of the professional relationship
with the client. Here, while the trial court considered the first
two factors mentioned above, it failed to consider the remaining

REFERENCES

Am Jur 2d, Attorneys at Law §§ 277 *et seq.*; Costs §§ 72 *et seq.*;
Damages §§ 648 *et seq.*; Insurance §§ 1771, 1772.

Insurer's liability for consequential or punitive damages for wrong-
ful delay or refusal to make payments due under contracts. 47
ALR3d 314

factors. Moreover, the trial court failed to give any weight to the contingent fee agreement and the fact that plaintiff's recovery was delayed for almost six years due to defendant's unreasonable conduct. Thus, the award of attorney fees cannot be said to be reasonable under the circumstances in this case and a remand is necessary for a redetermination of the amount of attorney fees.

2. On remand, the trial court shall determine whether the award of attorney fees pursuant to the no-fault act shall be a portion of the attorney fees already paid by plaintiff to his attorney or whether it shall be in addition to such amounts already paid.

Remanded.

R. R. LAMB, J., concurred with the majority's decision except for that part which directs the trial court to determine whether the statutory attorney fees awarded by the trial court shall be a portion of, or be paid in addition to, the attorney fees already paid by plaintiff. He would hold that this issue should not have been addressed by the majority since it was not addressed by the parties or the trial court.

1. ATTORNEY AND CLIENT — ATTORNEY FEES — REASONABLENESS.

The controlling criterion in evaluating a trial court's award of attorney fees is reasonableness and, while there is no precise formula for computing the reasonableness of attorney fees, several guidelines must be considered: (1) the professional standing and experience of the attorney; (2) the skill, time and labor involved; (3) the amount in controversy and the results achieved; (4) the difficulty of the case; (5) the expenses incurred; and (6) the nature and length of the professional relationship with the client.

2. INSURANCE — NO-FAULT — ATTORNEY FEES.

A court may order a no-fault insurer to pay attorney fees incurred by an insured in pursuing a claim where the court determines that the insurer unreasonably refused to pay the claim or unreasonably delayed in making proper payment (MCL 500.3148[1]; MSA 24.13148[1]).

3. INTEREST — PREJUDGMENT INTEREST.

The purpose of an award of prejudgment interest is to compensate the prevailing party for the expenses incurred in bringing an action and for the delay in receiving money damages (MCL 600.6013; MSA 27A.6013).

*Marshall Lasser,* for plaintiff.

*Feikens, Foster, Vander Male & De Nardis, P.C.*
(by *Robert H. Feikens*), for defendant.

Before: DOCTOROFF, P.J., and SHEPHERD and R. R.
LAMB,* JJ.

SHEPHERD, J. In this action to recover no-fault
benefits, plaintiff was awarded $40,061.16 plus
prejudgment interest of $19,936.56 and judgment
interest by way of a Wayne Circuit Court order of
summary judgment in 1985. This Court affirmed in
an unpublished opinion per curiam, decided No-
vember 25, 1986 (Docket No. 89927). Plaintiff sub-
sequently moved in the trial court for attorney
fees of $20,000. The trial court allowed attorney
fees of $5,804. Plaintiff appeals as of right, seeking
a remand and order requiring the trial court to
award a larger attorney fee. We remand for fur-
ther proceedings.

The controlling criterion in reviewing the award
for attorney fees is reasonableness. *Nelson v
DAIIE,* 137 Mich App 226, 235; 359 NW2d 536
(1984). Although there is no precise formula for
reasonableness, the following guidelines should be
considered:

> "(1) the professional standing and experience of
> the attorney; (2) the skill, time and labor involved;
> (3) the amount in question and the results
> achieved; (4) the difficulty of the case; (5) the
> expenses incurred; and (6) the nature and length
> of the professional relationship with the client."
> [*Wood v DAIIE,* 413 Mich 573, 588; 321 NW2d 653
> (1982), quoting *Crawley v Schick,* 48 Mich App
> 728, 737; 211 NW2d 217 (1973).]

The trial court is not limited to a consideration
of these factors, and the court need not detail its

* Circuit judge, sitting on the Court of Appeals by assignment.

findings as to each specific factor considered. *Wood, supra,* p 588. Absent an abuse of discretion, the trial court's finding of reasonableness will be upheld. *Id.*

Here, the record of the hearing on the attorney fees issue reveals that the trial court requested that plaintiff's attorney submit an itemized statement listing the time claimed, the nature of the services, and his fee. Plaintiff's attorney listed $100 as his usual hourly fee. Stating that this was not an excessive rate for a senior partner, the trial court allowed that rate except for services that could have been performed by an associate or law clerk where the court allowed lesser rates. Plaintiff's attorney objected, stating that the court should also take into account his contingent fee agreement in this case, and the court responded that its hourly formula was preferred. Plaintiff's attorney also argued that the court should take into account other factors, including the amount of plaintiff's recovery, and the court responded by noting that plaintiff won the case on a motion for summary judgment. Thereafter, the parties reached an agreement on the number of hours on which to base the attorney fees according to the formula required by the court.

The trial court's final order on attorney fees referred to only one factor that was considered, namely, "the number of hours that should have been spent by a senior attorney, by an associate attorney, and by a clerk or secretary in representing plaintiff in this matter." Although we agree with defendant's argument that several of the guidelines in *Wood* are implicit in the court's formula, the problem we find in this case is the weight attached by the court to its hourly formula. By concentrating on the hourly rates and the skill required to perform particular tasks for the client,

the court clearly took into account the first two factors approved by our Supreme Court in *Wood,* i.e., the attorney's experience as reflected by the hourly rate and the skill, time and labor involved. However, the court placed too much emphasis on hours and did not demonstrate that the other factors were given the weight that they deserved.

For instance, the fact that defendant's liability for attorney fees arose under MCL 500.3148(1); MSA 24.13148(1) because defendant unreasonably refused to pay no-fault benefits to plaintiff was an important factor that should have been taken into account. This refusal was not only unreasonable but resulted in a significant delay in plaintiff's recovery of no-fault damages. Plaintiff commenced this lawsuit to recover no-fault benefits in 1982 and the case has yet to be fully resolved. While we are aware that the prejudgment interest received by plaintiff pursuant to MCL 600.6013; MSA 27A.6013 serves the purpose of compensating plaintiff for the expenses of bringing the action and the delay in receiving money damages, *Stewart v Isbell,* 155 Mich App 65, 79-80; 399 NW2d 440 (1986), this delay was also an important factor to consider in determining the amount of attorney fees allowed by MCL 500.3148(1); MSA 24.13148(1) since it reflects on the nature and length of the professional relationship between plaintiff and his attorney.

Although not determinative, another important factor that the court did not consider was the contingent nature of the plaintiff's fee agreement with his attorney. See *Butt v DAIIE,* 129 Mich App 211, 222-223; 341 NW2d 474 (1983). One consequence of a contingent fee agreement is the risk undertaken by the attorney and client that the attorney's recovery of attorney fees is dependent on the client's recovery. The attorney may recover

nothing or the attorney may benefit from the arrangement by recovering a larger fee than would result from merely considering the skill, labor and time involved in the lawsuit. The client, in some circumstances, may be unable to proceed with the lawsuit without the availability of the contingent fee agreement. Once the client recovers, however, the client is obligated to pay the attorney fees under the terms of the contingent fee agreement, notwithstanding the amount which a trial court may determine to be reasonable. Thus, in reviewing the reasonableness issue, it is important to keep in mind that it is the client who will ultimately pay the difference, if any, between a contingent fee agreement (the reasonableness of which is not contested in this case) and the attorney fees allowed by a trial court under MCL 500.3148(1); MSA 24.13148(1).

For these reasons, we conclude that the rigid hourly formula adopted by the trial court to compute the attorney fee that defendant is responsible for was unreasonable under the circumstances of this case. To the extent reasonable, we hold that a contingent fee arrangement is a significant part of the attorney-client relationship which must be considered in arriving at a reasonable attorney fee. Although the controlling criterion remains one of reasonableness, there is no precise formula for computing reasonableness and we reject the application of any rigid formula, whether based on a contingent fee arrangement or an hourly formula, that fails to take into account the totality of the special circumstances applicable to the case at hand.

In the present case, the trial court failed to give any weight to the contingent fee agreement between plaintiff and his attorney. We remand for a determination of an attorney fee that takes into

account the nature of plaintiff's relationship with his attorney (i.e., the contingent fee), the fact that plaintiff's recovery was delayed for almost six years due to defendant's unreasonable conduct, and the other guidelines set forth in *Wood*. We emphasize that we find nothing unreasonable in the hourly formula used by the trial court in this case. We hold only that a proper exercise of discretion requires a trial court to go beyond the use of a rigid formula and to consider other relevant factors in determining how much of the attorney fee shall be paid by the opposite party.

It is not clear from the record whether the fee awarded by the trial court was to be in addition to that which had already been paid by the client. This issue should be addressed by the trial judge on remand, i.e., whether the statutory fee designates the portion of the actual fee that is to be paid by the defendant. Although the statute provides that the fee awarded shall be in addition to the amount recovered, it is silent on the question of whether the attorney is to receive the awarded fee in addition to the fee he received from his client or whether the amount of the awarded fee should be paid to the client if the attorney has already been paid, or whether the awarded fee is to be divided between the attorney and the client and in what proportion.

Remanded. Jurisdiction is not retained.

DOCTOROFF, P.J., concurred.

R. R. LAMB, J. *(concurring in part and dissenting in part.)* I concur with the majority opinion except for the last paragraph which directs the trial court to determine whether the statutory attorney fees awarded by the trial court are a portion of, or to be paid in addition to, the attorney fees already paid by the client. To this I respectfully dissent.

The sole question raised on appeal is whether the trial court's award of attorney fees was reasonable under the circumstances of this case. To address the question of the relationship between the statutory attorney fees and the fees actually paid to the attorney by the client injects an issue into this case which was not addressed in the trial court or developed in the record; not raised, briefed, or argued on appeal; and not required to be determined by MCL 500.3148(1); MSA 24.13148(1) or the cases construing this statute. Therefore, I do not agree with that portion of the opinion which directs consideration of this nonissue.