CITY OF DETROIT v J CUSMANO & SON, INC

Docket No. 107921. Submitted October 3, 1989, at Detroit. Decided December 27, 1989.

Plaintiff, the City of Detroit, brought a condemnation action in March, 1980, in the Wayne Circuit Court against defendant, J. Cusmano & Son, Inc. The suit was subsequently dismissed. In May, 1984, plaintiff's appraiser stated a value in place of the movable fixtures to be $856,083. Plaintiff, on June 6, 1984, made a written offer of $57,281. The offer did not include a value in place for movable fixtures. Plaintiff started a second suit in December, 1984, stating a value of $57,282. The complaint included no statement of value in place for movable fixtures. On June 18, 1985, the trial court, Kaye Tertzag, J., granted defendant's motion for partial summary disposition for the appraised value of $856,083, with additional values to be determined later. Plaintiff's motion for possession was also granted. The plaintiff thereafter paid certain amounts to and on behalf of defendant. The case was mediated for $1.3 million exclusive of interest, fees and costs, less the amounts previously paid. Both parties accepted the award and defendant moved for attorney fees. The trial court determined that plaintiff had not paid $482,515.53 of the amount determined to be just compensation. The trial court also held that defendant was entitled to reimbursement for attorney fees of $414,239.67, or one-third of the increase in the amount of the ultimate award over the written offer. The court added $482,515.53 and $414,239.67 to get a final figure of $896,755.20. The court then ordered plaintiff to pay interest on the entire amount from the date of possession to the date of payment. Plaintiff appealed.

The Court of Appeals *held:*

1. The attorney fees awarded defendant were reasonable. It was proper under the facts of the case to award attorney fees for the actions in 1980 and 1984.

2. The trial court erred in awarding interest on the attorney

REFERENCES
Am Jur 2d, Eminent Domain §§ 297, 301-303, 306, 473, 476.
See the Index to Annotations under Eminent Domain.

fees. The award of interest should have been only on the amount of just compensation due the defendant, $482,515.53.

3. The case is remanded for a compilation of interest and attorney fees.

Affirmed in part, reversed in part and remanded.

1. ATTORNEY AND CLIENT — ATTORNEY FEES — EMINENT DOMAIN.

Attorney fees awarded a property owner under the Uniform Condemnation Procedures Act must be reasonable; an award will be upheld unless it appears on appellate review that the trial court's finding on the reasonableness issue was an abuse of discretion (MCL 213.66; MSA 8.265[16]).

2. ATTORNEY AND CLIENT — ATTORNEY FEES — EMINENT DOMAIN.

The Uniform Condemnation Procedures Act provides that, if the amount finally determined to be just compensation for the property exceeds the agency's written offer, the court shall order reimbursement in whole or in part to the owner by the agency of the owner's reasonable attorney's fees, but not in excess of one-third of the amount by which the ultimate award exceeds the agency's written offer; the ultimate award upon which the fee limitation is based includes the statutory interest on the judgment payable to the owner (MCL 213.65, 213.66; MSA 8.265[15], 8.265[16]).

3. ATTORNEY AND CLIENT — ATTORNEY FEES — REASONABLENESS.

Facts to be taken into consideration in determining the reasonableness of attorney fees include, but are not limited to, the following: (1) the professional standing and experience of the attorney; (2) the skill, time, and labor involved; (3) the amount in question and the results achieved; (4) the difficulty of the case; (5) the expense incurred; and (6) the nature and length of the professional relationship with the client.

4. ATTORNEY AND CLIENT — ATTORNEY FEES — EMINENT DOMAIN.

The Uniform Condemnation Procedures Act does not limit the award of attorney fees under the act to amounts incurred following the filing of the complaint (MCL 213.66; MSA 8.265[16]).

5. EMINENT DOMAIN — JUDGMENT INTEREST — ATTORNEY AND CLIENT — ATTORNEY FEES.

Interest on the judgment amount in a condemnation action is properly computed from the date of possession to the date of payment; interest is not properly ordered on the award of attorney fees to the property owner (MCL 213.65; MSA 8.265[15]).

*James C. Cobb, Jr., P.C.* (by *James C. Cobb, Jr.*), for plaintiff.

*Ackerman & Ackerman, P.C.* (by *Alan T. Ackerman*), for defendant.

Before: SHEPHERD, P.J., and DOCTOROFF and T. GILLESPIE,* JJ.

PER CURIAM. In this condemnation case, plaintiff appeals as of right the March 16, 1988, judgment which awarded defendant $896,755.20 "plus statutory interest from the date of possession to the date of payment." The award represents the difference between the mediation award of $1.3 million and amounts already paid to defendant, and attorney fees of $414,239.67. Plaintiff claims that the attorney fee portion of the award is unreasonable and also includes impermissible interest on the attorney fees. We affirm in part, reverse in part and remand.

Defendant owned fixtures and equipment located on property which was acquired by plaintiff as part of the Linked-Riverfront Parks Project. The first of two condemnation suits was filed in March, 1980, and was subsequently dismissed. Plaintiff, which had purchased the land in May, 1980, then attempted unsuccessfully to evict defendant.

In May, 1984, plaintiff's appraiser stated a value in place of movable fixtures to be $856,083. On June 6, 1984, plaintiff sent defendant a written offer to purchase for $57,281 which included $42,125 for immovable fixtures and $15,156 for movable fixtures on a detach/reattach cost basis. The offer did not include a value in place for movable fixtures.

In December, 1984, plaintiff started a second suit

---

* Former circuit judge, sitting on the Court of Appeals by assignment.

in which plaintiff stated the following values for the property: leasehold estate, $1; immovable fixtures, $42,125; and movable fixtures, $15,156, for a total of $57,282. The complaint for condemnation included no statement of value in place for movable fixtures. Defendant immediately moved for partial summary disposition, seeking plaintiff's own appraised value of $856,083, with additional values to be determined at a later date. Plaintiff moved for possession and, on June 18, 1985, the trial court granted both motions.

Plaintiff refused to pay any amounts to defendant until late 1985, after the entry of an order to show cause. Plaintiff then presented two checks to defendant. The first check, dated November 7, 1985, was in the amount of $783,924.38, which represented $748,345.38 as partial compensation plus $35,579 interest on this partial compensation. The other check was dated December 11, 1985, and was in the amount of $20,812.78, representing $20,000 for additional items not covered by plaintiff's original appraisal, plus $812.78 interest. Plaintiff also paid, on behalf of defendant and out of compensation owing to defendant, $29,347.38 for city taxes and $19,791.71 for federal taxes.

In 1987, the case was mediated for $1.3 million exclusive of interest, fees and costs, less amounts which had been previously paid. Following acceptance of the mediation award by the parties, defense counsel brought a motion for attorney fees. The motion was heard on November 20, 1987, and January 20, 1988. On March 16, 1988, the trial court issued findings of fact and conclusions of law, finding that one-third of the difference between the written offer and the ultimate award constituted reasonable attorney fees and that the ultimate award included interest. The trial court found that plaintiff had paid the following amounts, excluding

interest: $748,345.38 in partial compensation, $20,000 for additional items, $29,347.38 for city taxes, and $19,791.71 in federal taxes for a grand total of $817,484.47. The trial court found that plaintiff owed defendant the difference between $1.3 million and $817,484.47, or $482,515.53, plus interest on that amount from the date of possession to the date of payment, as additional compensation. The trial court also found that, as attorney fees, plaintiff owed one-third of $1,242,719, which was the difference between the mediation amount of $1.3 million and the original offer of $57,281. The trial court also found that interest was to be included in the amount on which the attorney fees were based. We note initially that the judgment of the trial court does not accurately reflect the court's earlier findings of fact and conclusions of law and, as we will show below, it is the latter and not the former which is correct.

Plaintiff first argues that attorney fees of one-third of the ultimate award are unreasonable in this case. We disagree.

The Uniform Condemnation Procedures Act (UCPA), MCL 213.51 *et seq.*; MSA 8.265(1) *et seq.*, provides standards for the acquisition of property by an agency, the conduct of condemnation actions, and the determination of just compensation. *Bay City v Surath,* 170 Mich App 139, 142; 428 NW2d 9 (1988), lv den 431 Mich 901 (1988); MCL 213.52; MSA 8.265(2). The Legislature's intent is to place a property owner in as good a position as was occupied before the taking. *Bay City,* 143. In *Bay City,* 144, this Court recognized that the act penalizes condemning agents for deliberately low offers as follows:

> The procedural scheme outlined in the UCPA forewarns a public agency that a low offer may

result not only in litigation and its concomitant expenses, but also in payment of virtually all major expenses of the property owner related to the litigation. See MCL 213.66(3) and (4); MSA 8.265(16)(3) and (4). Thus the procedures and provisions of the act encourage a fair and equitable initial offer since the act provides for potentially heavy penalties resulting from litigation.

Section 16 of the act, MCL 213.66; MSA 8.265(16), provides for attorney fees, in part as follows:

> (3) If the amount finally determined to be just compensation for the property acquired exceeds the amount of the written offer as defined in section 5, the court shall order reimbursement in whole or in part to the owner by the agency of the owner's reasonable attorney's fees, but not in excess of 1⁄3 of the amount by which the ultimate award exceeds the agency's written offer as defined by section 5. The reasonableness of the owner's attorney's fees shall be determined by the court.

A written offer is defined in § 5(1), MCL 213.55(1); MSA 8.265(5)(1), as follows:

> Except as provided in section 25(4), before initiating negotiations for the purchase of property, the agency shall establish an amount which it believes to be just compensation for the property and promptly shall submit to the owner a good faith offer to acquire the property for the full amount so established. The amount shall not be less than the agency's appraisal of just compensation for the property.

The standard set by the statute is that the attorney fees should be reasonable. An award of attorney fees will be upheld unless it appears on appellate review that the trial court's finding on

the reasonableness issue was an abuse of discretion. *Wood v DAIIE,* 413 Mich 573, 588; 321 NW2d 653 (1982). In *Wood,* the Court adopted this Court's guidelines for determining reasonableness as originally set out in *Crawley v Schick,* 48 Mich App 728, 737; 211 NW2d 217 (1973), as follows:

> (1) the professional standing and experience of the attorney; (2) the skill, time and labor involved; (3) the amount in question and the results achieved; (4) the difficulty of the case; (5) the expenses incurred; and (6) the nature and length of the professional relationship with the client. See generally 3 Michigan Law & Practice, Attorneys and Counselors, § 44, p 275, and Disciplinary Rule 2-106(B) of the Code of Professional Responsibility and Ethics.

The Court added that, while a trial court should consider the guidelines of *Crawley,* it was not limited to those factors in making its determination. *Wood,* 588.

In this case, the trial court followed the statutory formula for determining the maximum award allowable, i.e., one-third of the amount by which the ultimate award exceeds the written offer. Plaintiff's written offer was $57,281. The amount finally determined to be just compensation for the property was $1.3 million. Therefore, the amount of the difference was $1,242,719.

The trial court's determination that one-third of $1,242,719 was a reasonable attorney fee was based on the following factors: the fact that defendant was obligated to pay one-third of the ultimate award as attorney fees pursuant to a contingency fee agreement; that nothing in statutory or case law makes such fees unreasonable; that the UCPA allows for attorney fees of up to one-third of the ultimate award; that prior opinions of the circuit

court and this Court recognize fees of this amount in this kind of case to be reasonable; that the experience, reputation and ability of defendant's attorneys were of high caliber; that the matter has been in dispute for many years and has proved a difficult experience for defendant's attorneys requiring substantial time, labor and skill; that important issues and sizeable amounts of money have been involved; that the results obtained by defendant's attorneys for their client have been excellent; and that one-third of the excess of the ultimate award over the written offer is the fee customarily charged in this locality. We find that the record below amply supports the trial court's findings and that the award of attorney fees was reasonable.

There is no merit to plaintiff's claim that the trial court included time spent on previous cases. The original complaint in this action was filed in 1980. The trial court found that defense counsel had spent more than 1,300 hours representing defendant in plaintiff's efforts to condemn defendant's property. The attorney fee provision of the UCPA, MCL 213.66; MSA 8.265(16), does not limit the award of attorney fees to amounts incurred following the filing of the complaint. The act specifies that the written offer is one of two factors which are used to determine the maximum award permitted, and the written offer must be submitted to the owner prior to the condemnation action's being filed. MCL 213.55(1); MSA 8.265(5)(1). The act specifically permits attorney fees for the actions in 1980 and 1984. MCL 213.66(2); MSA 8.265(16)(2). Further, this Court has said that, where the amount of attorney fees is in dispute, each case must be reviewed in light of its own particular facts. *Crawley, supra,* p 737.

We agree with plaintiff that the judgment of the

trial court, in contrast to the findings of fact and conclusions of law of the trial court, erroneously awards interest on attorney fees. The trial court determined that, as of March 16, 1988, plaintiff had not paid $482,515.53 of the amount determined to be just compensation for the taking. The trial court also held that defendant was entitled to reimbursement for attorney fees of one-third of the increase in the amount of the ultimate award over the written offer, plus interest ($1.3 million minus $57,281, equals $1,242,719, divided by three equals $414,239.67). The trial court added $482,515.53 and $414,239.67 to get its final figure of $896,755.20. Then, in the judgment, the trial court erroneously ordered plaintiff to pay interest on the entire $896,755.20 at the statutory rate from the date of possession to the date of payment. The trial court should have ordered interest only on the just compensation and not on attorney fees.

Section 15 of the UCPA, MCL 213.65; MSA 8.265(15), provides for payment of interest on the judgment as follows:

> The court shall award interest on the judgment amount from the date of the filing of the complaint to the date of payment of the amount, or any part of the amount. Interest shall be computed at the interest rate applicable to a federal income tax deficiency or penalty. However, an owner remaining in possession after the date of filing shall be considered to have waived the interest for the period of the possession. If it is determined that a de facto acquisition occurred at a date earlier than the date of filing, interest awarded pursuant to this section shall be calculated from the earlier date.

This Court has held that the term "ultimate award," as used in the attorney fee provision, MCL

213.66(3); MSA 8.265(16)(3), includes interest on the judgment as provided for in § 15. *In re Condemnation of Lands,* 133 Mich App 207, 213-214; 349 NW2d 261 (1984), lv den 421 Mich 856 (1985). The trial court correctly stated the award in its findings of fact and conclusions of law, but erroneously awarded interest on the amount of attorney fees in the judgment.

Defense counsel is entitled to not only one-third of the difference between the original offer and the mediation award, but is also entitled to one-third of the interest which defendant will receive. *Dep't of Transportation v Pichalski,* 168 Mich App 712, 724; 425 NW2d 145 (1988). It is also clear that interest does not begin to run until the condemnor has possession of the property, in this case, the date that the trial court granted plaintiff's motion for possession, which was July 24, 1985. *Dep't of Transportation v Jorissen,* 146 Mich App 207, 214; 379 NW2d 424 (1985); MCL 213.65; MSA 8.265(15). In *Pichalski,* this Court also held that defendants were entitled to interest until the date of payment of the final verdict. Because the final payments have not been made, we remand to the trial court for a compilation of interest and attorney fees consistent with this opinion.

Affirmed in part, reversed in part and remanded.