CITY OF DETROIT v LARNED ASSOCIATES

CITY OF DETROIT v BUCKLAND-VAN WALD, INC

Docket Nos. 127383, 131537, 145412. Submitted December 10, 1992, at Detroit. Decided March 9, 1993; approved for publication April 1, 1993, at 9:10 A.M. Leave to appeal sought.

The City of Detroit brought a condemnation action in the Wayne Circuit Court, seeking to acquire, in connection with the expansion of Cobo Hall, a building owned by Larned Associates and occupied as a furniture store by Buckland-Van Wald, Inc. In separate jury trials presided over by Marvin R. Stempien, J., one jury awarded Larned Associates $830,000 for the property and another awarded Buckland-Van Wald $3,261,000 in damages. The trial court additionally awarded Buckland-Van Wald $1,580,766 in attorney fees pursuant to the Uniform Condemnation Procedures Act, MCL 213.66(3); MSA 8.265(16)(3). Larned Associates and the city appealed, and their appeals were consolidated.

The Court of Appeals *held:*

1. The trial court did not abuse its discretion in denying Larned Associates' motion for a new trial. The motion was based on a claim that one of its witnesses had testified about the tax assessor's valuation of the property in violation of an evidentiary ruling against such testimony. Larned Associates is not entitled to a new trial on the ground asserted because the testimony was given in response to questioning by its counsel.

2. In the Buckland-Van Wald trial, the trial court erred, requiring reversal and a new trial, in informing the jury about a newspaper article concerning the state of the furniture business. The article was not in evidence and its contents were purely hearsay. The city was prejudiced by the trial court's improper corroboration of Buckland-Van Wald's theory of the case.

3. The trial court erred in awarding Buckland-Van Wald the maximum attorney fees allowed under MCL 213.66(3); MSA 8.265(16)(3). In redetermining the attorney-fee award on remand, the trial court should consider the professional standing and experience of the attorney; the skill, time, and labor involved; the amount in question and the results achieved; the

difficulty of the case; the expenses incurred; and the nature and length of the professional relationship with the client.

Affirmed in part, reversed in part, and remanded.

*James C. Cobb, Jr.,* for City of Detroit.

*Fischer, Franklin, Ford, Simon & Hogg* (by *Gerald C. Simon, Philip E. Chaffee,* and *Sidney M. Berman*), and *Ackerman & Ackerman, P.C.* (by *Alan T. Ackerman*), for the defendants.

Before: CAVANAGH, P.J., and MACKENZIE and GRIFFIN, JJ.

PER CURIAM. These consolidated appeals arise out of condemnation proceedings initiated by the City of Detroit to acquire various parcels of property for use in the expansion of the Cobo Hall convention facilities in downtown Detroit. At issue in these appeals is a five-story building located on Larned Street across from Cobo Hall. The building was owned by defendant Larned Associates, who leased it to defendant Buckland-Van Wald, Inc., an office-furniture dealer. Following separate trials, both Larned Associates and Buckland-Van Wald were awarded substantial compensation for their interests in the building. A jury awarded Larned Associates $830,000 for the property itself. Later, another jury awarded Buckland-Van Wald $3,261,000 in lost profits and business-interruption damages. In addition, the trial court awarded Buckland-Van Wald $1,580,766 in attorney fees pursuant to MCL 213.66; MSA 8.265(16).

On appeal, Larned Associates seeks reversal of its condemnation award. In its appeal, the city challenges both the jury verdict and the award of attorney fees in favor of Buckland-Van Wald. We affirm in part, reverse in part, and remand.

In Docket No. 127383, Larned Associates, raises a single issue for our review. It contends that the circuit court erred in refusing to order a new trial because one of the city's witnesses violated an order in limine and testified regarding the assessed value of the property. We disagree.

The trial court found that the witness' disclosure of the assessed value of the property was inadvertent and largely the result of open-ended questioning by Larned Associates' own counsel. Our review indicates that this finding is supported by the record. The assessed value of the property was revealed in the context of the following exchange:

> *Q.* . . . In downtown Detroit, the property taxes are in no way related to the real value of the property, are they, in the downtown area?
>
> *A.* Sometimes. Most of the time, they aren't. They're always related, but sometimes closer than other times.
>
> *Q.* An [sic] in older buildings, there is a tradition in the city to depreciate the building down to zero for tax purposes; is that correct? That's the way the assessor does it; is that correct, sir?
>
> *A.* No.
>
> *Q.* Do you know how the assessor did it specifically in this property?
>
> *A.* No. He put an assessment of about 150,000
> . . . .

In its written opinion, the trial court correctly observed that a party cannot seek reversal on the basis of an error that the party caused by either plan or negligence. *Bloemsma v Auto Club Ins Ass'n (After Remand),* 190 Mich App 686, 691; 476 NW2d 487 (1991). Accordingly, we find no abuse of discretion in the denial of Larned Associates' mo-

tion for a new trial. *Poirier v Grand Blanc Twp (After Remand)*, 192 Mich App 539, 547; 481 NW2d 762 (1992).

### DOCKET NO. 131537

Docket No. 131537 concerns the city's challenge to the award of over $3.2 million in business-interruption damages to Buckland-Van Wald. The city raises several issues, one of which we find dispositive. The city contends that the trial court committed error requiring reversal in reading to the jury a newspaper article stating that Buckland-Van Wald blamed its bankruptcy on having to move its business from the location near Cobo Hall. We agree.

At trial, Buckland-Van Wald offered the testimony of one of its owners, Robert Hayes. During the cross-examination of Hayes, the following exchange took place:

> *Q. [by the city's counsel]* Isn't it true the furniture business in Michigan has been depressed for several years?
> *A.* No. That's not true.
> *Q.* Well, wasn't . . .
> *A.* I—go ahead.
> *Q.* Buckland Van Wald was part of a recent article on that very subject, wasn't it? In the newspaper?
> *A.* I haven't seen it.

At this point, defense counsel objected on hearsay grounds and asked to see the article in question. The city's counsel did not have the article to present to either the court or defense counsel, and the hearsay objection was sustained. The court, however, did not instruct the jury to disregard counsel's reference to the newspaper article. In-

stead, the court gave the jury the following instruction at the close of proofs:

> Now, in the plaintiff's cross examination of a witness, Mr. Robert Hayes, counsel for the city stated in a question that there was a newspaper article that states in the furniture industry that the furniture industry had gone done [sic]. And mentioned—mentioned particularly in that article that the property owner, Buckland Van Wald, as an example of that circumstance of the industry going down.
>
> A newspaper article was published that states that in 1989 and 1990 the industry sales had been flat. And further states that Buckland Van Wald owner, Ed Snyder, stated that he didn't blame his bankruptcy on the industry conditions but rather his move to Franklin Street location. And he stated for 28 years or more he was across the street from Cobo Hall.

Before the court read the instruction, the city's counsel objected, asserting that the article referred to in the instruction was not the article he referred to in his questioning of the witness. The trial court explained that the instruction was being given so that the jury would know both aspects of the article and not merely what counsel insinuated during questioning.

In our view, this occurrence was obvious error. The rules of evidence provide that to the extent practicable, jury proceedings shall be conducted so as to prevent inadmissible evidence from being suggested to the jury by any means. MRE 103(c); *Eley v Turner,* 155 Mich App 195, 198-200; 399 NW2d 28 (1986). This rule was clearly violated when the circuit court informed the jury of the contents of the newspaper article that previously had been ruled inadmissible.

We are mindful that it was the city's counsel

who initially referred to the article in his questioning. Nonetheless, we fail to see how the court's decision to reveal the contents of the article did anything but compound the error. This is particularly true given that the article was summarized for the jury in the context of a direct instruction from the trial court. The article was not in evidence and its contents were pure hearsay. Furthermore, we agree with the city that it was prejudiced by this improper corroboration of Buckland-Van Wald's theory of the case. Accordingly, we agree with the city that a new trial is warranted.

To guide any further proceedings on remand, we briefly address the remaining issues raised by the city. At trial, Buckland-Van Wald introduced expert testimony that because of an increase in rent, an increase in advertising expenses, and a steady decline in sales revenue, Buckland-Van Wald would suffer $4,888,000 in business-interruption damages as a result of the condemnation. The expert arrived at this figure by projecting Buckland-Van Wald's losses over the fifteen-year period of its new lease and reducing the amount to present value.

On appeal, the city contends that these damages were completely speculative and never should have been submitted to the jury. We agree with the city, at least in part. Buckland-Van Wald correctly points out that the weight to be accorded the testimony of the expert, Thomas Czubiak, was a matter for the jury to determine. See *Detroit v Hamtramck Community Federal Credit Union,* 146 Mich App 155, 162; 379 NW2d 405 (1982). On the other hand, we agree with the city that the bulk of Czubiak's testimony concerning damages related to lost profits. Whether couched in terms of a decline in sales, loss of income, or loss of earnings, we think it clear that Buckland-Van Wald's claim for

damages was premised on its alleged inability to achieve its former level of profitability as a result of being forced to relocate. However, because of their speculative nature, damages for lost profits are not recoverable in a business-interruption case. *In re Slum Clearance,* 332 Mich 485, 496; 52 NW2d 195 (1952).

We express no opinion regarding the proper measure of Buckland-Van Wald's damages. We hold only that to the extent this case is retried on a business-interruption theory, damages for lost profits will not be allowed. *Id.*[1] With respect to the remainder of Czubiak's testimony (e.g., that concerning rental expenses, advertising expenses, and the like), the jury was free to either accept or reject it. Furthermore, on remand, Buckland-Van Wald shall not be allowed to recover both business-interruption damages and going-concern value because the two theories are mutually exclusive. *Detroit v Michael's Prescriptions,* 143 Mich App 808, 819, n 2; 373 NW2d 219 (1985). Finally, we are not persuaded that the city suffered any prejudice due to the order of proofs at trial.

### DOCKET NO. 145412

Docket No. 145412 concerns the city's challenge to the award of $1,580,766 in attorney fees to Buckland-Van Wald. The condemnation statute provides for an award of "*reasonable* attorney fees, but not in excess of ⅓ of the amount by which the

---

[1] We acknowledge that declining profits are an appropriate consideration in determining value when a defendant seeks recovery on a theory of going concern. See *Detroit v Michael's Prescriptions,* 143 Mich App 808, 814-821; 373 NW2d 219 (1985). Whether a business has been taken as a going concern because of the condemnation of a unique location is a question of fact. *Dep't of Transportation v Campbell,* 175 Mich App 629, 631; 438 NW2d 267 (1988). Here, however, Buckland-Van Wald concedes that this is a business-interruption case and not a going-concern case.

ultimate award exceeds the agency's written offer." MCL 213.66(3); MSA 8.265(16)(3) (emphasis added). On appeal, the city contends that the trial court erred in awarding Buckland-Van Wald a fixed one-third fee without any consideration of the extent of services actually performed. We agree. Accordingly, we hold that any attorney fee award entered on remand shall be evaluated in accordance with the factors identified in *Crawley v Shick,* 48 Mich App 728, 737; 211 NW2d 217 (1973), as well as those specifically relied on in *Detroit v J Cusmano & Son, Inc,* 184 Mich App 507, 513-514; 459 NW2d 3 (1989). See *Flint v Patel,* 198 Mich App 153; 497 NW2d 542 (1993).

Affirmed in part, reversed in part, and remanded. We do not retain jurisdiction.