209 Mich. App. 336 (1995)
530 N.W.2d 183
In re CONDEMNATION OF PRIVATE PROPERTY FOR HIGHWAY PURPOSES (DEPARTMENT OF TRANSPORTATION v. D & T CONSTRUCTION COMPANY)
Docket Nos. 161544, 161545, 161546.
Michigan Court of Appeals.
Submitted November 1, 1994, at Detroit.
Decided March 20, 1995, at 9:05 A.M.
Frank J. Kelley, Attorney General, Thomas L. Casey, Solicitor General, and Patrick F. Isom, Assistant Attorney General, for the Department of Transportation.
Mason, Steinhardt, Jacobs & Perlman, P.C. (by Walter B. Mason, Jr., and Frederick D. Steinhardt), for D & T Construction Company.
Before: TAYLOR, P.J., and HOLBROOK, JR., and M.E. DODGE,[*] JJ.
TAYLOR, P.J.
Plaintiff, Michigan Department of Transportation (DOT), appeals as of right the trial court's order granting defendant D&T Construction Company's motion to compel payment of attorneys fees in this condemnation case. D&T Construction Company (hereafter defendant) is the sole actively participating defendant remaining in this case. We reverse and remand for reconsideration of the reasonableness of the fee award.
*338 Plaintiff made an offer of $1,340,000 for defendant D&T Construction Company's three parcels of land for purposes of highway improvement. Defendant rejected this offer and plaintiff filed three separate actions on April 11, 1991. The three cases were consolidated and mediated. The parties accepted the mediation panel's award of $2,400,000 and a consent judgment was entered.
Pursuant to the one-third contingent fee contract between defendant and its lawyers, defendant paid its lawyers one-third of $1,060,000; the difference between the state's offer of $1,340,000 and the $2,400,000 ultimately received by defendant. Defendant then brought a motion to compel payment of attorney fees pursuant to the Uniform Condemnation Procedures Act (UCPA), MCL 213.51 et seq..; MSA 8.265(1) et seq., seeking reimbursement of that amount, plus interest.
Section 16 of the UCPA is the legislative authority that establishes rules for determining when reimbursement from the condemning authority will be granted and provides in pertinent part:
If the amount finally determined to be just compensation for the property acquired exceeds the amount of the written offer as defined in section 5, the court shall order reimbursement in whole or in part to the owner by the agency of the owner's reasonable attorney's fees, but not in excess of 1/3 of the amount by which the ultimate award exceeds the agency's written offer as defined by section 5. The reasonableness of the owner's attorney's fees shall be determined by the court. [MCL 213.66(3); MSA 8.265(16)(3).]
This statute requires that the trial court make a determination regarding the reasonableness of attorney fees, subject to a statutory maximum of one-third of the difference between the ultimate award and the good-faith written offer.
*339 It is the obligation of the property owner to request reimbursement of attorney fees and to provide the court with the necessary evidence to determine whether the requested fees are reasonable. Petterman v Haverhill Farms, Inc, 125 Mich App 30, 33; 335 NW2d 710 (1983). The burden of proving the reasonableness of the fee award rests with the party claiming compensation. In re Irwin Estate, 162 Mich App 522, 530; 413 NW2d 37 (1987). The court is required to make an independent review and, on the basis of the record of the case, determine what constitutes a reasonable attorney fee. Detroit v J Cusmano & Son, Inc, 184 Mich App 507, 513-514; 459 NW2d 3 (1989).
In support of its motion for an order compelling payment of attorney fees, defendant submitted a three-page contingent fee agreement for legal services; a four-page resume of each of defendant's attorneys; and a one-page affidavit verifying the attorneys' resumes and indicating that the attorneys' testimony would be consistent with the attached brief. The hearing regarding defendant's motion consisted of oral representations of counsel and questions from the bench. No witnesses were sworn, no testimony was given, and no documentary evidence was offered. The DOT stipulated the claimed dollar value of the time and effort expended by defendant's counsel, which was "approximately $30,000 in time spent." Notwithstanding this hourly-rate-based fee, defendant contended that reasonable compensation in this case should be based exclusively on the amount calculated pursuant to the contingent fee agreement. The parties agreed that this amount would be $389,615.99. Citing the standards articulated in Crawley v Schick, 48 Mich App 728, 737; 211 NW2d 217 (1973), the DOT opposed this requested fee and asserted that defendant had not met its *340 burden of proving that the contingent-fee-based fee award was reasonable.
The court, basing its decision on the oral presentations of the parties and the record of the case, issued the following opinion:
The Court is satisfied one-third of $1,060,000.00 plus interest is a reasonable attorney fee. The Court notes this is the amount defendant D&T is obligated to pay pursuant to their contingency fee agreement and that it is within the limits of the UCPA. The Court also notes one-third contingency fees are customary within the industry and reasonable. See also Detroit v Accurate Die & Mfg Corp, unpublished opinion per curiam of the Court of Appeals, decided June 14, 1984 (Docket No. 72980). The Court further notes defendant D&T's attorneys were of high caliber and obtained excellent results for their client as evidenced by the sizeable amount of money recovered.
For these reasons, the Court finds defendant D&T is entitled to an order requiring plaintiff to reimburse it in whole for its attorneys' fees. The Court believes this result is necessitated by the purpose of MCL 213.66(3); MSA 8.265(16)(3) which is to ensure the property owner receives the full amount of his [sic] award as compensation for the taking of its property.
On appeal, plaintiff contends that the trial court abused its discretion in awarding the full one-third contingent fee because the trial court did not consider all the factors relevant to the establishment of a reasonable fee. We agree.
In Crawley, supra, this Court adopted several of the general standards of the Code of Professional Responsibility and Ethics, Disciplinary Rule 2-106, for determining reasonable attorney fees. The Court stated:
There is no precise formula for computing the *341 reasonableness of an attorney's fee. However, among the facts to be taken into consideration in determining the reasonableness of a fee include, but are not limited to, the following: (1) the professional standing and experience of the attorney; (2) the skill, time and labor involved; (3) the amount in question and the results achieved; (4) the difficulty of the case; (5) the expenses incurred; and (6) the nature and length of the professional relationship with the client. See generally 3 Michigan Law & Practice, Attorneys and Counselors, § 44, p 275 and Disciplinary Rule 2-106(B) of the Code of Professional Responsibility and Ethics. [Crawley, supra at 737.]
The Michigan Supreme Court adopted the Crawley standards in Wood v DAIIE, 413 Mich 573, 588; 321 NW2d 653 (1982). While neither Crawley nor Wood were condemnation cases, those standards have been applied to § 16 of the UCPA. Flint v Patel, 198 Mich App 153; 497 NW2d 542 (1993); J Cusmano & Son, Inc, supra. Although Disciplinary Rule 2-106(B) relied on in Crawley has been repealed, its successor, MRPC 1.5(a), is substantially the same. That rule states:
(a) A lawyer shall not enter into an agreement for, charge, or collect an illegal or clearly excessive fee. A fee is clearly excessive when, after a review of the facts, a lawyer of ordinary prudence would be left with a definite and firm conviction that the fee is in excess of a reasonable fee. The factors to be considered in determining the reasonableness of a fee include the following:
(1) the time and labor required, the novelty and difficulty of the questions involved, and the skill requisite to perform the legal service properly;
(2) the likelihood, if apparent to the client, that the acceptance of the particular employment will preclude other employment by the lawyer;
(3) the fee customarily charged in the locality for similar legal services;
*342 (4) the amount involved and the results obtained;
(5) the time limitations imposed by the client or by the circumstances;
(6) the nature and length of the professional relationship with the client;
(7) the experience, reputation, and ability of the lawyer or lawyers performing the services; and
(8) whether the fee is fixed or contingent.
We are of the opinion that the trial court should consider each of these eight factors in determining the reasonableness of a fee award. The Crawley opinion had drawn from the disciplinary rules in effect at the time it was written, and we follow this approach in utilizing the factors listed in MRPC 1.5(a).
Reviewing the facts of this case, we conclude that the trial court, having not considered all the factors, abused its discretion in awarding defendant the full amount of the contingent fee. Dep't of Transportation v Robinson, 193 Mich App 638, 643; 484 NW2d 777 (1992). Reasonableness cannot be shown merely by reference to the existence of the contingency fee contract. As this Court said in Patel, supra at 160:
[T]he amount defendant agreed to pay [its] attorney under the contingency fee agreement is not irrebuttable proof that the same amount should be awarded to defendant as a reasonable attorney fee under § 16 of the UCPA. [Citation omitted.]
While a contingent fee agreement may be considered by the court in its efforts to determine what constitutes a reasonable fee award, it does not eliminate the need for the court to consider also the other factors, including the extent of services actually performed. Detroit v Larned Associates, 199 Mich App 36, 43; 501 NW2d 189 (1993).
*343 On the basis of the foregoing, we reverse the trial court's decision and remand for an evidentiary hearing to determine the reasonableness of the attorney fee award.
Reversed and remanded.
NOTES
[*] Circuit judge, sitting on the Court of Appeals by assignment.