*In re* CONDEMNATION OF PRIVATE PROPERTY FOR HIGHWAY
PURPOSES

(DEPARTMENT OF TRANSPORTATION v RANDOLPH)

Docket No. 191228. Submitted September 4,1997, at Lansing. Decided February 10, 1998, at 9:20 A.M.

The Department of Transportation brought an action in the Clinton Circuit Court against Larry Randolph and others, seeking the condemnation of privately owned realty for highway purposes. A jury returned a verdict that awarded just compensation for an amount greater than the plaintiff's initial offer. The defendants moved for an award of attorney fees, expert witness fees, and costs pursuant to § 16 of the Uniform Condemnation Procedures Act (UCPA), MCL 213.66; MSA 8.265(16). Following a hearing, the court, Jeffrey L. Martlew, J., rejected the requested attorney fee award of one-third of the difference between the initial offer and the final judgment, as specified in the contingent fee agreement between the defendants and their attorney, and instead awarded attorney fees under the "lodestar" method, i.e., the number of hours worked multiplied by a reasonable hourly rate. The court multiplied the number of hours indicated on the itemized statement filed with the defendants' request for reimbursement by the hourly rate the defendants' attorney indicated she would have charged had she been retained on an hourly basis. The defendants appealed the attorney fee award.

The Court of Appeals *held*:

Section 16 of the UCPA provides for an award of reasonable attorney fees subject to a maximum of one-third of the difference between the ultimate award and the condemnor's written offer. The trial court is required to make an independent review and determine, on the basis of the record in the case, what constitutes a reasonable fee. In determining the reasonableness of a fee award, the trial court must consider the eight factors listed in MRPC 1.5(a), among which factors is whether the fee is fixed or contingent. However, the existence of a contingent fee agreement does not mandate an award based on the agreed-upon contingent fee.

In this case, the trial court did not abuse its discretion in awarding attorney fees based on the lodestar method after concluding that an award based on the contingent fee agreement would have

resulted in an unreasonably high hourly rate that was three times more than the rate the defendants' attorney indicated she would have charged had she taken the case on an hourly basis.

Affirmed.

JANSEN, J., dissenting, stated that an attorney fee award based on the contingent fee agreement would be reasonable in light of the time spent by defense counsel on this case, her experience in condemnation law, her skill and integrity, and the amount of the judgment obtained. An award based on the contingent fee agreement also would fully compensate the defendants, discourage deliberately low offers for property sought to be condemned, provide a performance incentive to property owners' attorneys, and be in accord with the limit set in § 16 of the UCPA. The order of the trial court should be reversed, and the matter should be remanded for an award of attorney fees based on the contingent fee agreement.

EMINENT DOMAIN — UNIFORM CONDEMNATION PROCEDURES ACT — ATTORNEY FEES — CONTINGENT FEE AGREEMENTS.

A trial court in determining an award of attorney fees under § 16 of the Uniform Condemnation Procedures Act must make an independent determination of the reasonableness of the requested award in light of the factors listed in the Michigan Rules of Professional Conduct and is not bound by a contingent fee agreement between the condemnee and its attorney where an award based on the contingent fee agreement would be unreasonable (MCL 213.66; MSA 8.265[16]; MRPC 1.5[a]).

*Frank J. Kelley*, Attorney General, *Thomas L. Casey*, Solicitor General, and *Patrick F. Isom*, Assistant Attorney General, for the plaintiff.

*Glassen, Rhead, McLean, Campbell & Bergamini* (by *Roland F. Rhead*), for the defendants.

Before: KELLY, P.J., and REILLY and JANSEN, JJ.

REILLY, J. Defendants appeal as of right from an opinion and order awarding defendants attorney fees and costs in this condemnation proceeding. We affirm.

Plaintiff initiated a condemnation action to acquire property owned by defendants for the purpose of the

relocation of US-27 in Clinton County. Plaintiff made an initial good-faith offer of $1,625,655 pursuant to § 5 of the Uniform Condemnation Procedures Act (UCPA), MCL 213.55; MSA 8.265(5), and paid this amount to defendants. Defendants contested the adequacy of plaintiff's offer, arguing that the property was worth approximately $9 million. Plaintiff then reappraised the property and reduced its offer to $1,071,000. The case proceeded to trial, and a jury returned a verdict awarding just compensation to defendants in the amount of $2,593,931. With interest, the judgment resulted in an award of $2,724,615.

After trial, defendants moved for reimbursement of attorney fees, expert witness fees, and costs pursuant to § 16 of the UCPA, MCL 213.66; MSA 8.265(16), requesting attorney fees in the amount of $375,590.55. This figure was based on a contingent fee agreement in which defendants agreed to pay a fee equal to one-third of the difference between the amount of plaintiff's initial offer and the amount of the final judgment. Following an evidentiary hearing with regard to defendants' motion, the trial court issued an opinion and order awarding defendants attorney fees in the amount of $120,153. Rather than award the full amount set forth in the contingent fee agreement, the trial court used the "lodestar" method to determine defendants' reasonable attorney fees. Under the lodestar method, the appropriate fee is established by multiplying the reasonable number of hours worked by a reasonable hourly rate. See *Burlington v Dague*, 505 US 557, 559; 112 S Ct 2638; 120 L Ed 2d 449 (1992). In this case, the trial court multiplied 728.2 hours (which was the number of hours indicated on the itemized statement filed with defendants' request

for reimbursement), by a rate of $165 an hour (which was the rate defendants' attorney indicated she would have charged defendants if she had been retained on an hourly basis).

On appeal, defendants contend that the trial court erred in using the lodestar method to determine defendants' reasonable attorney fees for reimbursement purposes. We disagree. An award of attorney fees in a condemnation case will be upheld on appeal unless the trial court abused its discretion in determining the reasonableness of the fees. *In re Condemnation of Private Property for Hwy Purposes (Dep't of Transportation v Curis)*, 221 Mich App 136, 139-140; 561 NW2d 459 (1997). An abuse of discretion occurs when an unprejudiced person, considering the facts upon which the trial court acted, would say that there was no justification or excuse for the trial court's ruling. *Auto Club Ins Ass'n v State Farm Ins Cos*, 221 Mich App 154, 167; 561 NW2d 445 (1997).

The UCPA provides for an award of "reasonable" attorney fees subject to a statutory maximum of one-third of the difference between the ultimate award and the agency's written offer. MCL 213.66(3); MSA 8.265(16)(3); *Curis, supra* at 139. The trial court is required to make an independent review and determine, on the basis of the record in the case, what constitutes a reasonable attorney fee. *Curis, supra* at 139. This Court in *In re Condemnation of Private Property for Hwy Purposes (Dep't of Transportation v D & T Const Co)*, 209 Mich App 336, 341-342; 530 NW2d 183 (1995), held that, in determining the reasonableness of a fee award, the trial court must consider the eight factors listed in MRPC 1.5(a):

(1) The time and labor required, the novelty and difficulty of the questions involved, and the skill required to perform the legal service properly;

(2) the likelihood, if apparent to the client, that the acceptance of the particular employment will preclude other employment by the lawyer;

(3) the fee customarily charged in the locality for similar legal services;

(4) the amount of time involved and the results obtained;

(5) the time limitations imposed by the client or by the circumstances;

(6) the nature and length of the professional relationship with the client;

(7) the experience, reputation, and ability of the lawyer or lawyers performing the services; and

(8) whether the fee is fixed or contingent.

The burden of proving the reasonableness of the fee award rests with the party claiming compensation. *Curis, supra* at 139.

This Court has identified three purposes of the fee-shifting provision of the UCPA:

> First, awarding attorney fees will assure that the property owner receives the full amount of the award, placing the owner in as good a position as that occupied before the taking. Second, the fee structure penalizes agents of the condemnor for deliberately low offers because a low offer may result in the condemnor paying the owner's litigation expenses as well as its own. Third, the fee provision provides a performance incentive to the owner's attorney, because the fee awarded is directly proportional to the results achieved by counsel. [*Curis, supra* at 142-143 (citations omitted); see also *Dep't of Transportation v Robinson*, 193 Mich App 638, 645; 484 NW2d 777 (1992).]

In some situations, the purposes of the UCPA are better served by a reimbursement award based on the amount of a contingent fee actually paid than by one

based on the lodestar method. See *Curis, supra* at
143. This is so, first, because a reimbursement award
based on the lodestar method may not be equal to the
amount of attorney fees actually paid by the property
owner pursuant to a contingent fee agreement. Where
the reimbursement award is less than the actual attor-
ney fees paid, the property owner is not placed in as
good a position as that occupied before the taking.
See *Curis, supra* at 143. We note, however, that the
Legislature did not elect to provide for reimburse-
ment of *actual* attorney fees, which would have
ensured full compensation in every case. Compare
MCL 213.66(3); MSA 8.265(16)(3) (providing for reim-
bursement of "reasonable attorney fees" in cases
where the amount of just compensation exceeds the
amount of the initial offer) with MCL 213.66(2); MSA
8.265(16)(2) (providing for reimbursement of "actual
reasonable attorney fees" in cases where the acquisi-
tion of the property itself is found to be improper).
Second, while any award of attorney fees would
penalize deliberately low offers resulting in litigation,
the size of a reimbursement award based on an actual
contingent fee paid would be directly related to the
size of the initial offer. Thus, under the "contingency
method," lower initial offers would ultimately result
in correspondingly larger penalties. Finally, only a
reimbursement award based on a contingency would
be directly proportional to the results achieved by
counsel. In this regard we note that a reimbursement
award based on the lodestar method would not nec-
essarily preclude an attorney from charging a contin-
gent fee. Accordingly, the attorney's incentive to per-
form does not necessarily rely on the method utilized

to calculate the property owner's reimbursement award.

While a reimbursement award based on a contingent fee actually paid is warranted in some circumstances, the existence of a contingent fee agreement does not mandate a reimbursement award based on the amount of the contingent fee. See *City of Flint v Patel*, 198 Mich App 153, 159; 497 NW2d 542 (1993). Consideration of each of the eight specific factors enumerated in MRPC 1.5(a) necessarily precludes reliance on any one particular formula or method to determine the amount of reasonable attorney fees for reimbursement purposes. See *D & T Const, supra* at 339-342; see also *Smolen v Dahlmann Apartments, Ltd*, 186 Mich App 292, 296-297; 463 NW2d 261 (1990); *Hartman v Associated Truck Lines*, 178 Mich App 426, 429-431; 444 NW2d 159 (1989). Thus, a trial court may not rely on the existence of a contingent fee agreement without also considering the extent of services actually performed by the property owner's attorney. *Detroit v Larned Associates*, 199 Mich App 36, 43; 501 NW2d 189 (1993). In circumstances where a full one-third contingent fee is unreasonable, lodestar analysis provides a useful starting point for determining a reasonable fee. See *Howard v Canteen Corp*, 192 Mich App 427, 437; 481 NW2d 718 (1992), cited with approval in *Patel, supra* at 160; see also *Hensley v Eckerhart*, 461 US 424, 433; 103 S Ct 1933; 76 L Ed 2d 40 (1983). Therefore, use of the lodestar method to determine a reasonable attorney fee for reimbursement purposes under the UCPA does not necessarily constitute an abuse of discretion.

In this case, considering the amount of hours defendants' attorney worked on the case, a reim-

bursement award based solely on the existence of the
contingent fee agreement would have required plain-
tiff to compensate defendant at a rate of more than
$515 an hour. Defendants' attorney stated in an affida-
vit that she would have charged defendants $165 an
hour if she had been retained on an hourly basis.
After specifically considering each of the factors enu-
merated in MRPC 1.5(a), the trial court determined
that the amount requested by defendants based on
the contingent fee agreement was not "reasonable."
We cannot say that there was no justification or
excuse for the trial court's determination that this
amount, which would have produced an hourly rate
of pay over three times the amount defendants' attor-
ney would have charged if she had been retained on
an hourly basis, was unreasonably high. Accordingly,
we hold that the trial court did not abuse its discre-
tion when it used the lodestar method, with figures
supplied by defendants, to determine a reasonable
reimbursement award for defendants' attorney fees.

Affirmed.

Kelly, P.J., concurred.

Jansen, J. (*dissenting*). I respectfully dissent. I
would reverse the trial court's decision to award
attorney fees under the lodestar method as an abuse
of discretion and I would remand for an award of
attorney fees as set forth in the contingent fee
agreement.

Pursuant to the Uniform Condemnation Procedures
Act (UCPA), MCL 213.66(3); MSA 8.265(16)(3), the
property owner may be awarded a reasonable attor-
ney fee, not to exceed one-third of the amount by
which the ultimate award exceeds the agency's writ-

ten offer. *In re Condemnation of Private Property for Hwy Purposes* (*Dep't of Transportation v Curis*), 221 Mich App 136, 139; 561 NW2d 459 (1997) (hereafter referred to as *Curis*). Although the reasonableness of the attorney fee cannot be shown merely by reference to the existence of a contingent fee agreement, a contingent fee agreement may be considered by the court in its efforts to determine what constitutes a reasonable fee award. *Id.*, p 140.

I believe that the following factors support an award pursuant to the contingent fee agreement as being reasonable: defense counsel spent over two years on the case (showing approximately 728 hours of billable time), counsel was experienced in the area of condemnation law and advanced novel legal theories at trial, it was not disputed that counsel is a skilled attorney with "impeccable integrity and is recognized as such by her peers," counsel achieved a judgment for her clients that was nearly $1 million more than first offered by plaintiff, and contingent fee agreements providing for one-third of the excess of the ultimate award are customary in the locality. See, e.g., *Curis, supra*, pp 140-142.

Further, an award of the amount set forth in the contingent fee agreement fully compensates defendants for their property, discourages deliberately low offers, and provides a performance incentive to the property owner's attorney because the fee awarded would be directly proportional to the results achieved by the attorney. *Id.*, pp 142-143. The trial court's award in this case does not recognize one of the major policy concerns behind the attorney fee provision of the UCPA, namely, that the property owners would not receive the full amount of the jury's award

because defendants would be solely responsible for the majority of the attorney fees.

Finally, an award pursuant to the contingent fee agreement is entirely in accord with § 16(3) of the UCPA, and nothing in the statutes or case law makes a fee of one-third in excess of the written offer unreasonable. See *Detroit v Cusmano & Son, Inc*, 184 Mich App 507, 513; 459 NW2d 3 (1989). I believe that defendants' requested attorney fee amount is entirely reasonable in light of the facts of this case, and I would find the trial court's decision to apply the lodestar method to be an abuse of discretion.

I would reverse the attorney fee award and remand for the trial court to award defendants their attorney fee pursuant to the contingent fee agreement as being a reasonable attorney fee.