CITY OF FLINT v PATEL

Docket No. 133183. Submitted June 3, 1992, at Lansing. Decided
    February 1, 1993, at 9:40 A.M.
    The City of Flint brought a condemnation action in the Genesee
        Circuit Court against Ramesh Patel, seeking to acquire realty
        and fixtures owned by the defendant. The court, Thomas C.
        Yeotis, J., ruling that it lacked jurisdiction because the city
        failed to make a good-faith written offer for the property as
        required by the Uniform Condemnation Procedures Act by not
        making an offer for the removable fixtures, granted summary
        disposition for the defendant, but allowed the plaintiff to re-
        sume its action once an offer is made. The defendant subse-
        quently rejected the city's offer of $85,689 for the removable
        fixtures. The city ultimately reached a settlement with the
        defendant and paid him $135,689 for the removable fixtures.
        The court, relying on a contingency fee agreement between the
        defendant and his attorney that required the defendant to pay
        the attorney one-third of any recovery in excess of the city's
        offer, awarded the defendant $16,666.67 in attorney fees, one-
        third of the difference between the $85,689 offer and the
        $135,689 settlement for the removable fixtures. The defendant
        appealed the attorney fee award.
        The Court of Appeals *held:*
        1. The trial court abused its discretion in awarding attorney
        fees that were based on the difference between the belated offer
        for the removable fixtures and the settlement amount for those
        fixtures. The award should have been made on the basis of the
        difference between the initial offer of zero and the settlement
        amount.
        2. Section 16(3) of the Uniform Condemnation Procedures
        Act, MCL 213.66(3); MSA 8.265(16)(3), requires an award of
        attorney fees to be reasonable and to not exceed one-third of
        the difference between the written offer and the amount ulti-
        mately paid. In this case, an award of attorney fees set at the

REFERENCES

Am Jur 2d, Eminent Domain §§ 465, 466, 476.
Attorney's fees as within statute imposing upon condemner liability
    for "expenses," "costs," and the like. 26 ALR2d 1295.

maximum allowed by the act and pursuant to the fee agreement is not necessarily reasonable. On remand, the trial court should determine reasonableness by considering, inter alia, the professional standing and experience of the attorney; the skill, time and labor involved; the amount in question and the results achieved; the difficulty of the case; the expenses incurred; and the nature and length of the professional relationship with the client.

3. The defendant is not entitled to interest on the award of attorney fees. The Uniform Condemnation Procedures Act makes no provision for such interest.

Reversed and remanded.

1. EMINENT DOMAIN — UNIFORM CONDEMNATION PROCEDURES ACT — ATTORNEY FEES.

Attorney fees in an action under the Uniform Condemnation Procedures Act where an initial written offer for the property is followed by a higher offer should be awarded on the basis of the difference between the initial offer and the amount ultimately determined to be just compensation (MCL 213.66[3]; MSA 8.265[16][3]).

2. EMINENT DOMAIN — UNIFORM CONDEMNATION PROCEDURES ACT — ATTORNEY FEES — INTEREST.

A condemnee who receives an award of attorney fees pursuant to the Uniform Condemnation Procedures Act is not entitled to interest on the award (MCL 213.66[3]; MSA 8.265[16][3]).

*Mason, Steinhardt, Jacobs & Perlman, P.C.* (by *Walter B. Mason, Jr., Frederick D. Steinhardt,* and *Jonathan B. Frank*), for the defendant.

Before: WEAVER, P.J., and WAHLS and TAYLOR, JJ.

TAYLOR, J. Defendant, Ramesh Patel, appeals as of right the trial court's order denying his motion to compel the payment of attorney fees in this eminent domain case. We reverse.

The underlying facts are undisputed. Plaintiff, City of Flint, initially made defendant an offer for his medical clinic in June 1985. The offer included amounts for irremovable fixtures and the real

estate, but made no provision for removable fixtures. Defendant did not accept the offer, and in March 1986 the city filed a condemnation action under the provisions of the Uniform Condemnation Procedures Act, MCL 213.51 *et seq.*; MSA 8.265(1) *et seq.*

Defendant hired an attorney described by the city in one of its pleadings below as a highly respected eminent domain specialist. In May 1986, defendant and his attorney entered into a contingency fee agreement that required defendant to pay his attorney one-third of any recovery in excess of the city's offer.

Defense counsel challenged the circuit court's jurisdiction in this action, arguing that the city had failed to make a good-faith offer under § 5[1] because no written offer for removable fixtures was included in the city's offer.[2] The trial court agreed with defendant, and in March 1987 granted his motion for summary disposition without prejudice to plaintiff, allowing plaintiff to proceed once it made a good-faith written offer to defendant.

The city offered defendant $85,689 for removable fixtures, and the case was mediated and ultimately settled. The settlement included $135,689 for removable fixtures ($50,000 more than the $85,689 offer).[3] When the city refused to reimburse defendant for attorney fees, defendant moved to compel

---

[1] MCL 213.55; MSA 8.265(5).

[2] According to an affidavit filed with the city's pleadings, one of its agents made defendant an *oral* offer for fixtures in the amount of (a) detachment/reattachment costs, or (b) value of the fixtures, whichever was less.

[3] The judgment merely indicates that defendant received $50,000 in addition to estimated compensation broken down as follows: $99,700—real estate; $7,812—irremovable fixtures; $87,219—removable fixtures. The judgment itself does not indicate whether the $50,000 over and above the estimated compensation already paid was for real estate, irremovable or removable fixtures, but defendant indicates it was for removable fixtures.

payment of fees in September 1988.[4] The trial court initially denied reimbursement of defendant for any attorney fees in its order of July 6, 1990. After defendant moved for reconsideration, the trial court ordered the city to pay defendant $16,666.67, i.e., one-third of $50,000, which is the difference between the amount the city belatedly offered for removable fixtures and the settlement amount for those fixtures. This award may well have been prompted by the city's consent to pay that amount.[5] Defendant again moved for reconsideration, but the trial court denied the motion by order of September 4, 1990.

Defendant argues, as he did below, that he is also entitled to one-third of the difference between zero (the amount the city initially offered defendant for removable fixtures) and $85,689 (the amount for those fixtures contained in the offer the city made after the trial court ruled that it lacked jurisdiction because the city's first offer did not include an amount for those fixtures).

Unfortunately, the city has failed to brief or otherwise defend this appeal. However, the lower court record contains the city's response to defendant's motion to compel payment. That response indicates that the city objected to reimbursing defendant for one-third of the difference between zero and $85,689 because "the City never made

---

[4] The June 30, 1988, judgment reserved the issues of interest, costs, and attorney fees.

[5] In its written response to defendant's motion to compel, the city indicated that it consented to an attorney fee of one-third of $50,000, and agreed with defendant that a "one-third contingent fee agreement is standard and common place for specialists in eminent domain" as well as "[t]hat Defendant's attorney is a highly recognized and respected specialist in eminent domain."

Further, at the April 25, 1990, evidentiary hearing, counsel for the city said, "We agree [that] this firm is highly competent and anybody who's entitled to a third as opposed to something less than a third, it would be them and we agree they should have a third of the fifty [thousand dollars]."

any offer for the *removable* fixtures, and only purchased them because of this Court's Order compelling them to do so." It also argued that it was inequitable to force the city to reimburse defendant for actual attorney fees incurred (i.e., the full contingency amount defendant contracted with his attorney to pay) in forcing the city to make an offer for removable fixtures, and argued that $5,000 was a reasonable sum to reimburse for that part of the case.

Section 16(3) of the UCPA, MCL 213.66(3); MSA 8.265(16)(3), provides:

> If the amount finally determined to be just compensation for the property acquired exceeds the amount of the written offer as defined in section 5, the court shall order reimbursement in whole or in part to the owner by the agency of the owner's reasonable attorney's fees, but not in excess of ⅓ of the amount by which the ultimate award exceeds the agency's written offer as defined by section 5. The reasonableness of the owner's attorney's fees shall be determined by the court.

In this case, the city filed only one written offer pursuant to § 5,[6] and in that offer made no provision, i.e., offered zero compensation, for removable fixtures. It is this offer that must be used to compute attorney fees under § 16. Using the original offer in these circumstances encourages fair and equitable initial offers on the part of condemning authorities because it penalizes deliberately low offers made under § 5. *Detroit v J Cusmano & Son, Inc,* 184 Mich App 507, 511; 459 NW2d 3 (1989); *Bay City v Surath,* 170 Mich App 139, 144;

---

[6] No written offer of $85,789 for removable fixtures is contained in the lower court file. However, the fact that the city offered defendant that sum is evidenced by a July 1, 1987, order vesting title, setting the date for transferring possession of the property, and for paying defendant the estimated compensation.

428 NW2d 9 (1988). We also note that, like the instant case, the city in *J Cusmano & Son* failed to include any compensation for removable fixtures in its § 5 offer, yet that offer was used as the starting point for calculating attorney fees under § 16. *Id.,* 510-511. Essentially the same analysis was applied and the same result was reached in *Dep't of Transportation v Pichalski,* 168 Mich App 712, 719-721; 425 NW2d 145 (1988).

Section 5 requires that a good-faith offer be made, and the city is presumed to know the law. The city is therefore estopped[7] from asserting that, because it was incomplete, its original offer should not be used as the starting point for calculating attorney fees. To hold otherwise would encourage condemning authorities to make incomplete offers to the unwary, which contravenes the legislative aim of placing property owners in as good a position as they occupied before the taking. *J Cusmano & Sons,* 511-512; *Surath,* 143.

We note specifically this Court's recent holding that where two § 5 written offers were made before the commencement of condemnation proceedings, it was not unreasonable, given the purposes of the UCPA, for the trial court to order reimbursement of the defendant for attorney fees under § 16 on the basis of the first (and lower) of the two offers. *Dep't of Transportation v Robinson,* 193 Mich App 638, 645-646; 484 NW2d 777 (1992). The *Robinson* Court specifically considered the fact that the defendants hired the attorneys with that original offer on the table and that the attorneys accepted the case on that basis. *Id.,* 646. The same may be said of the case before us. Of course, *Robinson* is distinguishable from the case at bar in that in *Robinson* there were two valid good-faith written offers, i.e., offers

---

[7] See *Schmude Oil Co v Omar Operating Co,* 184 Mich App 574, 582; 458 NW2d 659 (1990).

that contained provisions for real estate and irremovable and removable fixtures. We do not, however, read this Court's holding in *Robinson* as contrary to our holding in this case.

Applying the standard of review of an attorney fee award in condemnation cases set forth in *Robinson,* we conclude that to the extent that the trial court failed to use the original § 5 offer as the starting point for determining reasonable attorney fees under § 16, the award of attorney fees was unreasonable and constitutes an abuse of discretion. *Id.,* 646. Although the trial court's ruling in this regard provides no rationale for the amount awarded for attorney fees, it appears that the award is based on the city's concession that defendant's attorney is entitled to the full one-third of the ultimate award if the ultimate award is computed on the basis of the city's later offer for removable fixtures. Given our holding, that concession no longer applies, and we decline to invade the province of the trial court at this juncture by determining what sum is reasonable. Accordingly, we reverse and remand for a determination of a reasonable attorney fee pursuant to the true "ultimate award" under § 16 as calculated by using the city's initial offer as the base figure. We specifically *do not* hold or suggest that an attorney fee of the full one-third of the amount by which the ultimate award exceeded the initial offer is reasonable or unreasonable. An evidentiary hearing may be held for this purpose in the event the city wishes to challenge the reasonableness of awarding the maximum possible amount. In determining a reasonable amount, the trial court shall consider any evidence offered by the parties in addition to the three purposes of the attorney fee provision set forth in *Robinson, supra,* 645. We also note that the trial court must give consideration to the

nonexclusive list of factors and guidelines set forth in *Wood v DAIIE,* 413 Mich 573, 588; 321 NW2d 653 (1982). See *Howard v Canteen Corp,* 192 Mich App 427, 437-438; 481 NW2d 718 (1992). In *Howard,* this Court held that the *Wood* factors (that were originally applied to discretionary attorney fee awards under the no-fault insurance act) must be considered in determining reasonable attorney fees under the Civil Rights Act attorney fee provision, MCL 37.2802; MSA 3.548(802). Because in *Howard* the trial court was required to set a reasonable attorney fee within the specific statutory limits of the Civil Rights Act, we conclude that the *Howard* Court's requirement of an analysis using the *Wood* factors applies equally in eminent domain cases where the trial court must accomplish essentially the same task.

In this regard, the amount defendant agreed to pay his attorney under the contingency fee agreement is not irrebuttable proof that the same amount should be awarded to defendant as a reasonable attorney fee under § 16 of the UCPA. See, e.g., *Burlington v Dague,* 506 US —; 112 S Ct 2638; 120 L Ed 2d 449 (1992) (Scalia, J.). Were the contingency fee agreement such proof, there would be little or no reason for vesting the trial court with discretion to set the amount of an attorney fee award. Section 16(3).

Although the issue whether defendant is also entitled to interest on this attorney fee amount was not briefed, at oral argument defendant requested that interest be ordered. Given the unsettled state of the law concerning this question, we will address it, and hold that defendant is not entitled to interest on attorney fees for the following reasons.

Section 2(1)[8] of the UCPA provides:

> This act provides standards for the acquisition of property by an agency, the conduct of condemnation actions, and the determination of just compensation . . . . All laws and court rules applicable to civil actions shall apply to condemnation proceedings except as otherwise provided in this act. [Emphasis supplied.]

Section 15[9] specifically provides for interest on judgment amounts. That section states:

> The court shall award interest on the judgment amount from the date of the filing of the complaint to the date of payment of the amount, or any part of the amount. . . .

Section 16(3),[10] which provides for the computation and award of reasonable attorney fees, is silent with respect to interest. That omission, juxtaposed with the provision allowing interest on the judgment amount, leads us to conclude that the failure to provide for interest on this element of the recovery was by design. Statutes allowing interest derogate from the common law, and so must be strictly construed. *Federal-Mogul Corp v Dep't of Treasury,* 161 Mich App 346, 358; 411 NW2d 169 (1987). And because the UCPA specifically governs condemnation actions, it prevails over the general statute governing interest on judgments. *In re Forfeiture of 1987 Chevrolet,* 183 Mich App 182, 184; 454 NW2d 201 (1990); *Baxter v Gates Rubber Co,* 171 Mich App 588, 590-591; 431 NW2d 81 (1988). We are forced to conclude that defendant is not entitled to interest on the attorney fee amount.

---

[8] MCL 213.52(1); MSA 8.265(2)(1).

[9] MCL 213.65; MSA 8.265(15).

[10] MCL 213.66(3); MSA 8.265(16)(3).

Reversed and remanded. We do not retain jurisdiction.