STABLEY v HURON-CLINTON METROPOLITAN PARK AUTHORITY

Docket No. 197853. Submitted January 13, 1998, at Detroit. Decided March 3, 1998, at 9:00 A.M. Leave to appeal sought.

Gerald and Annie Stabley brought an action in the Macomb Circuit Court against Huron-Clinton Metropolitan Park Authority and Stoney Creek Metropolitan Park, alleging liability under the highway exception to governmental immunity, MCL 691.1402(1); MSA 3.996(102)(1), for Gerald Stabley's injury and Annie Stabley's loss of consortium resulting from Gerald Stabley's fall on a paved hike-bike trail in Stoney Creek Park while he was rollerblading. The path meandered through the park and in some places ran parallel to a road. Gerald Stabley's fall occurred in a part of the trail that was in the wooded interior of the park and away from the road. The court, Lido V. Bucci, J., granted summary disposition for the defendants, ruling that the highway exception did not apply. The plaintiffs appealed.

The Court of Appeals *held*:

MCL 691.1401(e); MSA 3.996(101)(e) defines "highway" for purposes of governmental immunity to include sidewalks on any public highway open for public travel. The term "sidewalk," however, is not defined by the statute. Dictionaries and the Michigan Vehicle Code define "sidewalk" as a walk or path adjacent to or along a road. In this case, the fall occurred on a portion of the path that was not adjacent to or along the road. Thus, the fall did not occur on a sidewalk for which the defendants may be held liable in negligence pursuant to the highway exception to governmental immunity.

Affirmed.

GOVERNMENTAL IMMUNITY — HIGHWAY EXCEPTION — SIDEWALKS.

A sidewalk is not part of a highway for which a governmental agency may be held liable for personal injury or property damage pursuant to the highway exception to governmental immunity unless the sidewalk is adjacent to or along the highway (MCL 691.1401[e], 691.1402[1]; MSA 3.996[101][e] 3.996[102][1]).

*Robert E. Berg, Jr.* and *Bendure & Thomas* (by *Mark R. Bendure* and *Kevin P. Kavanagh*), for the plaintiffs.

*Plunkett & Cooney, P.C.* (by *Christine D. Oldani* and *Frank W. Brockert*), for the defendants.

Before: MARKMAN, P.J., and MCDONALD and CAVANAGH, JJ.

PER CURIAM. Plaintiff Gerald Stabley[1] appeals as of right the trial court order granting defendants' motion for summary disposition pursuant to MCR 2.116(C)(7). We affirm.

The facts of this case are essentially undisputed. On May 20, 1995, plaintiff was rollerblading on a paved path in the Stoney Creek Metropolitan Park when the wheels of one of his Rollerblades became wedged in a large crack in the pavement, causing him to be thrown to the pavement. Plaintiff's injuries included a fractured left humerus, a torn rotator cuff, and the loss of three teeth.

Photographic exhibits presented to the trial court show that the path is designated as a "Hike-Bike Trail." The trail is 6.1 miles long. It meanders through the park, in some places running parallel to the road, in other locations running through the woods, and at some points crossing the road. The parties do not dispute that the place where plaintiff allegedly fell is in the wooded interior of the park.

On March 22, 1996, plaintiff commenced a negligence action against Stoney Creek Metropolitan Park

---

[1] Annie Stabley, Gerald Stabley's wife, joins him as plaintiff. Because her loss of consortium claim is derivative and dependent on his claim, and to avoid confusion, we will refer only to plaintiff Gerald Stabley.

and the Huron-Clinton Metropolitan Park Authority, seeking damages for his injuries. In addition, plaintiff's wife sought to recover damages for loss of consortium. Plaintiff alleged that defendants negligently maintained the trail and that he was entitled to recover for his injuries pursuant to the highway exception to governmental immunity, MCL 691.1402; MSA 3.996(102).

Defendants moved for summary disposition under MCR 2.116(C)(7) on the ground that the highway exception did not apply because the trail is not a sidewalk on a highway within the meaning of MCL 691.1401(e); MSA 3.996(101)(e). The trial court concluded that the trail is not a sidewalk within the meaning of the statute and therefore granted defendants' motion for summary disposition. Plaintiff appealed.

MCR 2.116(C)(7) provides that summary disposition is proper when a claim is barred because of immunity granted by law. When reviewing a motion for summary disposition granted pursuant to MCR 2.116(C)(7), this Court must accept as true the plaintiff's well-pleaded allegations and construe them in a light most favorable to the plaintiff. The motion should not be granted unless no factual development could provide a basis for recovery. This Court reviews a summary disposition determination de novo as a question of law. *MS Development, Inc v Auto Plaza of Woodhaven (After Remand)*, 220 Mich App 540, 545; 560 NW2d 62 (1996).

The highway exception is a narrowly drawn exception to the broad grant of immunity for governmental units. No action may be maintained under the highway exception unless it is clearly within the scope

and meaning of the statute. *Scheurman v Dep't of Transportation*, 434 Mich 619, 630; 456 NW2d 66 (1990). The highway exception provides in pertinent part:

> Each governmental agency having jurisdiction over a highway shall maintain the highway in reasonable repair so that it is reasonably safe and convenient for public travel. A person sustaining bodily injury . . . by reason of failure of a governmental agency to keep a highway under its jurisdiction in reasonable repair, and in condition reasonably fit for travel, may recover the damages suffered by him or her from the governmental agency. [MCL 691.1402(1); MSA 3.996(102)(1).]

The term "highway" encompasses "every public highway, road, and street which is open for public travel and shall include . . . sidewalks . . . on any highway." MCL 691.1401(e); MSA 3.996(101)(e).

Statutory interpretation is a question of law subject to review de novo on appeal. *Golf Concepts v Rochester Hills*, 217 Mich App 21, 26; 550 NW2d 803 (1996). The primary goal of statutory interpretation is to ascertain and give effect to the intent of the Legislature in enacting a provision. *Farrington v Total Petroleum, Inc*, 442 Mich 201, 212; 501 NW2d 76 (1993). Statutory language should be construed reasonably, keeping in mind the purpose of the statute. The first criterion in determining intent is the specific language of the statute. If the statutory language is clear and unambiguous, judicial construction is neither required nor permitted, and courts must apply the statute as written. However, if reasonable minds can differ regarding the meaning of a statute, judicial construction is appropriate. *Nat'l Center for Mfg Sciences, Inc*

*v Ann Arbor*, 221 Mich App 541, 545-546; 563 NW2d 65 (1997).

Plaintiff argues that the trial court erred in finding that the trail at issue was not a "sidewalk" within the meaning of the highway exception to governmental immunity. The word "sidewalk" is not defined in the statute. However, simply because a phrase is undefined does not render a statute ambiguous. Rather, undefined words are given meaning as understood in common language, taking into consideration the text and subject matter relative to which they are employed. Where a statute does not define one of its terms, it is customary to look to a dictionary for a definition. *Marcelle v Taubman*, 224 Mich App 215, 219; 568 NW2d 393 (1997).

According to *Webster's New World Dictionary*, a "sidewalk" is "a path for pedestrians, usually paved, along the side of a street." *The American Heritage Dictionary: Second College Edition* defines "sidewalk" as a "walk or raised path for pedestrians along the side of a road." *Random House Webster's College Dictionary* (1992) defines "sidewalk" as "a usu. paved walk at the side of a roadway." In Black's Law Dictionary (6th ed), "sidewalk" is defined as "[t]hat part of a public street or highway designed for the use of pedestrians."

Furthermore, the Supreme Court has looked to definitions set forth in the Michigan Vehicle Code[2] to ascertain the meaning of terms shared by the Michigan Vehicle Code and the governmental immunity statute. See *Roy v Dep't of Transportation*, 428 Mich

---

[2] MCL 257.1 *et seq.*;  MSA 9.1801 *et seq.*

330, 338-340; 408 NW2d 783 (1987).[3] In the Michigan Vehicle Code, the term "sidewalk" is defined as "that portion of a street between the curb lines, or lateral lines of roadway, and the adjacent property lines intended for the use of pedestrians." MCL 257.60; MSA 9.1860.

There are no published Michigan cases that expressly construe the phrase "sidewalks . . . on any highway." However, the highway exception has been applied where the injury was sustained on a sidewalk "adjacent" to or "along" a county road. See *Listanski v Canton Twp*, 452 Mich 678, 682; 551 NW2d 98 (1996). Moreover, in *Campbell v Detroit*, 51 Mich App 34, 35-36; 214 NW2d 337 (1973), this Court determined that a sidewalk alongside a street that had been closed for some time and was being removed for an urban renewal project was not a sidewalk "on any highway" because the street was not open for public travel, as required by the statutory definition of highway.

---

[3] The specific issue in *Roy* was whether a bicycle path that was detached from, but ran parallel to, a road came within the state's duty, which was expressly limited under MCL 691.1402; MSA 3.996(102) to "the improved portion of the highway designed for vehicular travel and shall not include sidewalks, crosswalks or any other installation outside of the improved portion of the highway designed for vehicular travel." *Roy, supra* at 333. The Supreme Court considered the similar treatment of pedestrians and bicyclists under the Michigan Vehicle Code in its analysis. *Id.* at 335-336. However, the Court's finding that a bicycle path is an "installation outside of the improved portion of the highway designed for vehicular travel" ultimately turned on the fact that a bicycle was not a "vehicle" as defined in the Michigan Vehicle Code, MCL 257.79; MSA 9.1879, and the similarity of the Michigan Vehicle Code's definition to the commonly understood meaning of the word "vehicular" in *Webster's Third New International Dictionary* (1966). In the present case, the term at issue is "sidewalks." *Roy* does not address this term, and the limitation in MCL 691.1402(1); MSA 3.966(102)(1) for the "improved portion of the highway" does not apply to defendants. However, while *Roy* is not on point, we nevertheless find its analysis instructive.

In light of the foregoing, we conclude that linking the word "sidewalk" with an adjacent road is in accord with the common and approved usage of the word.[4] See *USAA Ins Co v Houston General Ins Co*, 220 Mich App 386, 391; 559 NW2d 98 (1996). Plaintiff's fall did not occur on the portion of the trail that runs adjacent to the roadway, but rather on the portion that runs through the wooded interior of the park. Because plaintiff's fall did not occur on a pedestrian way that ran alongside a public roadway, plaintiff's fall did not occur on a "sidewalk" within the meaning of MCL 691.1401(e);    MSA 3.996(101)(e). Consequently, defendants are entitled to immunity.

Plaintiff contends that it is better policy to distribute the cost of injuries occurring on negligently maintained trails to the public that uses the parks, rather than leave individuals to bear the costs of such injuries. However, the Legislature has plainly limited the imposition of governmental liability to injuries occurring at specific locations. The Legislature chose not to impose liability for injuries sustained on all paved walkways, but rather used the specific term

---

[4] Pursuant to the general rules of statutory interpretation, a statute should not be interpreted so as to render any statutory language surplusage or nugatory. *Ansell v Dep't of Commerce (On Remand)*, 222 Mich App 347, 355; 564 NW2d 519 (1997). With regard to "sidewalks" in the definition of "highway" in MCL 691.1401(e);  MSA 3.996(101)(e), it is arguable that the phrase "on any highway" is redundant because the word "sidewalk" itself is commonly understood to refer to a paved way for pedestrians on the side of a roadway. Nevertheless, the modifying phrase "on any highway" is relevant to other entities listed in MCL 691.1401(e);    MSA 3.996(101)(e), such as bridges and culverts. In any case, while the phrase "on any highway" may be redundant with regard to "sidewalks," the meaning of "sidewalks . . . on any highway," as indicated by the common usage of the language, supports the conclusion that only paved ways located adjacent to a public roadway come within the meaning of "sidewalks" as used in MCL 691.1401(e);  MSA 3.996(101)(e).

"sidewalk." See MCL 691.1401(e);  MSA 3.996(101)(e). This Court will not impose a policy-driven interpretation on the plain language of a statute when the Legislature has chosen among competing policy considerations. *Verbison v Auto Club Ins Ass'n*, 201 Mich App 635, 640; 506 NW2d 920 (1993).

Finally, plaintiff asserts that it is sufficient that portions of the 6.1-mile-long trail are on a highway.[5] We disagree. Plaintiff's cause of action cannot be maintained because it is not clearly within the scope and meaning of the statute. See *Scheurman, supra* at 630. MCL 691.1402;  MSA 3.996(102)  does not offer protection to pedestrians and motorists without regard to location. Cf. *Roy, supra* at 341.

Affirmed.

---

[5] Defendants assert in their brief on appeal that the main road in the park is not a "road . . . which is open for public travel." See MCL 691.1401(e);  MSA 3.996(101)(e). However, because the trial court's decision was based upon the definition of "sidewalk," we decline to address this issue. See *Smit v State Farm Mut Automobile Ins Co*, 207 Mich App 674, 685; 525 NW2d 528 (1994).