Bandstra, C.J.
 

 Plaintiff appeals by leave granted from the trial court’s orders granting defendant’s motion to require plaintiff to amend its complaints in
 
 *45
 
 this action brought under the Uniform Condemnation Procedures Act (ucpa), MCL 213.51
 
 el seq.;
 
 MSA 8.265(1)
 
 el seq.
 
 The trial court concluded that plaintiff’s good-faith offers failed to comply with the UCPA because each offer combined an amount considered to be just compensation for the subject parcel with an amount offered as an incentive to allow plaintiff to purchase the property without need for a condemnation action. As a result, after plaintiff’s good-faith offers were rejected and the condemnation actions began, the trial court ordered plaintiff to amend its complaints to state that its estimates of just compensation were the amounts made in the good-faith offers, including the settlement incentives. We conclude that plaintiff did not violate the UCPA, and we reverse the orders of the trial court.
 

 .A. FACTS
 

 For the purpose of constructing new stadiums for the Detroit Lions and the Detroit Tigers, plaintiff wished to acquire a number of parcels of property from defendant. Before beginning condemnation proceedings, plaintiff made a “good faith offer” in written form with regard to each parcel, consistent with the requirements of the UCPA, MCL 213.55(1); MSA 8.265(5)(1). Each offer was accompanied by an appraisal of the parcel’s fair market value. Each offer was not for the fair market value found in the appraisal; instead, each offer was for a greater amount that included an incentive for the sale of the property without condemnation proceedings. Explaining that intent, each good-faith offer included a footnote providing:
 

 This Offer includes a component that is provided as an offer of compromise, which is equal to 15% more than the
 
 *46
 
 appraised value of the property. This additional sum is offered pursuant to MRE 408 for settlement purposes only. In the event this matter is not resolved, the estimated just compensation for condemnation purposes will be based solely upon the appraised value for the Property.
 

 As an example, the fair market value established in the estimate for parcel 120 was $57,000 and the good-faith offer made for that parcel was $65,550.
 
 [1]
 

 After plaintiffs good-faith offers were rejected, condemnation proceedings were initiated. As required by the ucpa, each of plaintiffs complaints contained a statement of the sum of money plaintiff estimated to be just compensation for each parcel. MCL 213.55(4)(e)(m); MSA 8.265(5)(4)(e)(m). The amounts used by plaintiff in this regard were the appraisal values, without adding on the fifteen percent settlement component.
 

 Defendant moved to require plaintiff to amend its complaints to include the settlement amounts in the estimates of just compensation for each parcel. The trial court granted the motions, reasoning that each estimate of value for purposes of the condemnation action had to be for the same amount as that stated in the good-faith offer “on its face.” We granted leave to appeal that decision.
 

 B. STANDARDS OF REVIEW
 

 “This Court will reverse a trial court’s decision on a motion to amend a complaint only where the trial
 
 *47
 
 court abused its discretion.”
 
 Froede v Holland Ladder & Mfg Co,
 
 207 Mich App 127, 136 (Jansen, P.J.), 141 (Holbrook, Jr., J., and E.C. Penzien, J., concurring in this part of Judge Jansen’s opinion); 523 NW2d 849 (1994). “An abuse of discretion occurs when an unprejudiced person, considering the facts upon which the trial court acted, would say that there was no justification or excuse for the trial court’s ruling.”
 
 In re Condemnation of Private Property for Hwy Purposes (Dep’t of Transportation v Randolph),
 
 228 Mich App 91, 94; 576 NW2d 719 (1998).
 

 The trial court ordered plaintiff to amend its complaints on the basis of its inteipretation of the ucpa. Statutory interpretation is a question of law subject to review de novo on appeal.
 
 Stabley v Huron-Clinton Metropolitan Park Authority,
 
 228 Mich App 363, 366; 579 NW2d 374 (1998). “The primary goal of statutory inteipretation is to ascertain and give effect to the intent of the Legislature in enacting a provision.”
 
 Id.
 
 ’’Statutory language should be construed reasonably, keeping in mind the purpose of the statute.”
 
 Id.
 
 “The first criterion in determining intent is the specific language of the statute.”
 
 Id.
 
 If the statutory language is clear and unambiguous, judicial construction is not permitted, and courts must apply the statute as written.
 
 Id.
 
 “However, if reasonable minds can differ regarding the meaning of a statute, judicial construction is appropriate.”
 
 Id.
 

 C. ANALYSIS
 

 This case concerns the interpretation of the ucpa, subsections 5(1) of which provides in part:
 

 Before initiating negotiations for the purchase of property, the agency shall establish an amount that it believes to be just compensation for the property and promptly shall
 
 *48
 
 submit to the owner a good faith written offer to acquire the property for the full amount so established. . . . The amount shall not be less than the agency’s appraisal of just compensation for the property. [MCL 213.55(1); MSA 8.265(5)(1).]
 

 Read in isolation, the first sentence could arguably be understood to require that the amount of an agency’s good-faith offer has to be exactly equal to its appraisal of “just compensation” for the subject property. Alternatively, an offer to acquire property for
 
 more
 
 than the level determined to be “just compensation” might be considered compliant with the first sentence because it would offer the property owner the “full amount” (plus more) considered to be just compensation. This ambiguity is resolved by the second sentence, which specifies that the amount of the good-faith offer “shall not be less” than the appraisal of just compensation. The clear implication of this language is that the good-faith offer may be
 
 more
 
 than the agency’s appraisal of just compensation for the subject property. Accordingly, as in this case, the statute allows an agency to include an incentive for a property owner to accept the offer and thus to avoid the necessity of condemnation proceedings.
 
 [2]
 
 Because we conclude that the trial court improperly interpreted the UCPA, we also conclude that the trial court
 
 *49
 
 abused its discretion in requiring plaintiff to amend its complaints on the basis of that misinterpretation.
 
 [3]
 

 Further, we are unconvinced by defendant’s argument that this result will allow plaintiff to limit its exposure to liability for attorney fees. The attorney fee provision of the UCPA, MCL 213.66(3); MSA 8.265(16)(3), provides, in part:
 

 If the amount finally determined to be just compensation for the property acquired exceeds the amount of the good faith written offer under section 5, the court shall order reimbursement in whole or in part to the owner by the agency of the owner’s reasonable attorney’s fees, but not in excess of Vs of the amount by which the ultimate award exceeds the agency’s written offer as defined by section 5.
 

 Our Court “has disapproved the practice of an agency attempting to bind an owner to a low offer and then revising its offer just before filing suit in order to minimize attorney fees.”
 
 Dep’t of Transportation v Robinson
 
 193 Mich App 638, 645; 484 NW2d 777 (1992). To satisfy this purpose, we have repeatedly held a condemnor to its original, lower offer to determine the amount of attorney’s fees to be awarded to the condemnee. See
 
 Flint v Patel,
 
 198 Mich App 153, 157; 497 NW2d 542 (1993);
 
 Robinson, supra; Dep’t of Transportation v Pichalski,
 
 168 Mich App 712, 720-721; 425
 
 *50
 
 NW2d 145 (1988). “To hold otherwise would encourage- condemning authorities to make incomplete offers to the unwary, which contravenes the legislative aim of placing property owners in as good a position as they occupied before the taking.”
 
 Flint, supra
 
 at 158. Under the facts of the present case, as conceded by plaintiff, the excess amount (if any) for purposes of computing attorney’s fees would be based on the estimate of fair market value for each parcel, in other words the good-faith offer, without the fifteen percent settlement incentive.
 

 We reverse and remand for further proceedings consistent with this opinion. We do not retain jurisdiction.
 

 [1]
 

 Even without the appraisal attached, simple algebra would have allowed defendant to easily ascertain the appraised value of each parcel. Knowing from the good-faith offer that the amount stated was 1.15 (i.e., 115 percent) times the appraised value, defendant could have divided the amount stated by 1.15 to arrive at the appraised value (e.g., $65,550 divided by 1.15 equals $57,000).
 

 [2]
 

 As noted above, plaintiffs good-faith offers clearly provided defendant with notice of the amount plaintiff considered “just compensation,” as established by the appraisals’ fair market value estimates for the parcels. We express no opinion about the propriety of a good-faith offer that is vague or otherwise does not communicate the amount considered by an agency to be “just compensation” for a parcel of property.
 

 [3]
 

 We further note that MCL 213.55(4)Ce)(m); MSA 8.265(5)(4)(e)(mJ requires that a complaint for condemnation must include “[a] statement of the sum of money estimated by the agency to be just compensation for each parcel of property being acquired,” without reference to the good-faith offer amount. Implicit in the trial court’s reasoning is the conclusion that this statute requires that the complaint estimate must equal the amount stated in the preceding good-faith offer. We have determined that, in this case, the good-faith offers were equal to the complaint estimates of just compensation. However, we express no opinion regarding whether this was statutorily required.