# Order

**Michigan Supreme Court**
**Lansing, Michigan**

October 8, 2010

Marilyn Kelly,
Chief Justice

Michael F. Cavanagh
Maura D. Corrigan
Robert P. Young, Jr.
Stephen J. Markman
Diane M. Hathaway
Alton Thomas Davis,
Justices

141101

CHARLES WILLIAMS
      Plaintiff-Appellee,

v

CITY OF DETROIT
      Defendant-Appellant.

SC: 141101
COA: 290255
Wayne CC: 08-014804-NO

_____/

On order of the Court, the application for leave to appeal the February 25, 2010 judgment of the Court of Appeals is considered, and it is DENIED, there being no majority in favor of granting leave to appeal or taking other action.

KELLY, C.J. (*concurring*).

The Court has denied the application in this case because there were insufficient votes to take any other action. It cannot fairly be said that those who voted to deny leave did so to foster litigation any more than that those who voted to reverse did so to refuse pedestrians access to the Courts. The more likely truth is simply that the justices split evenly in their good faith reading of the statute.

YOUNG, J., would reverse the judgment of the Court of Appeals.

MARKMAN, J. (*dissenting*).

I respectfully dissent, and would reverse the judgment of the Court of Appeals.

Plaintiff broke his ankle when he tripped on a defect in a walkway that ran along the river in Detroit, parallel to, but 200-300 feet away from, Jefferson Avenue. Plaintiff sued the city of Detroit, relying on the highway exception to governmental immunity found in MCL 691.1402. The trial court granted defendant summary disposition because the walkway was not adjacent to or "on the highway," as required by the definition of "highway" in MCL 691.1041(e). The Court of Appeals determined that the walkway

constituted a "trailway," and that it did not have to be "on the highway" in order to fall within the highway exception. *Williams v Detroit*, unpublished opinion per curiam of the Court of Appeals issued February 25, 2010 (Docket No. 290255).

> MCL 691.1402(1) states, in pertinent part:
>
> The duty of the state and the county road commissions to repair and maintain highways, and the liability for that duty, extends only to the improved portion of the highway designed for vehicular travel and does not include sidewalks, trailways, crosswalks, or any other installation outside of the improved portion of the highway designed for vehicular travel.
>
> MCL 691.1401(e) provides:
>
> (e) "Highway" means a public highway, road, or street that is open for public travel and includes bridges, sidewalks, trailways, crosswalks, and culverts *on the highway*. The term highway does not include alleys, trees, and utility poles. [Emphasis added.]

The Court of Appeals reasoned that "on the highway" at the end of the first sentence of §1401(e) modified only the word "culvert," which appears immediately before that phrase. The Court invoked the "last antecedent rule," and concluded as a result that "trailways" was not limited by "on the highway," that the walkway where plaintiff fell constituted a "trailway," that "trailway" fell within "highway," and therefore that defendant was obligated to maintain it under the highway exception.

I would reverse the Court of Appeals because its construction of §1401(e) is illogical and awkward. The Court of Appeals divorced "bridges," "sidewalks," "trailways," and "crosswalks" from the modifier "on the highway," leaving that phrase to describe only "culverts." A more straightforward reading of the sentence — that a public highway "includes bridges, sidewalks, trailways, crosswalks, and culverts on the highway" — would be that *each* of the listed locations in §1404(e), including sidewalks and trailways, must be "on the highway" in order to fall within "highway." The Court of Appeals' application of the "last antecedent rule" leads to an entirely unreasonable and unwarranted reading of that sentence. The only reason to include "bridges, sidewalks, trailways, crosswalks" within "highway" is that each of these locations are normally on or adjacent to a highway itself. However, under the Court of Appeals' construction, a trailway, sidewalk, bridge, or crosswalk constitutes part of a "highway," without regard to where it is located, resulting in a curtailment of governmental immunity under the highway exception even where a location has nothing at all to do with an actual highway. The walkway where plaintiff fell was not adjacent to or on a highway; rather, it was

several hundred feet away from the nearest highway. The Court of Appeals' interpretation is also inconsistent with prior judicial decisions. See, e.g., *Haaksma v Grand Rapids*, 247 Mich App 44 (2001); *Stabley v Huron-Clinton Metropolitan Park Authority*, 228 Mich App 363 (1998).

The highway exception to governmental immunity in MCL 691.1402(1) plainly does not apply. Once again, "it is difficult not to conclude that the only coherent theme of [the majority's] jurisprudence is the fostering of *litigation*." *McCormick v Carrier*, 487 Mich ___ (2010), issued July 31, 2010 (MARKMAN, J, dissenting). Statutory interpretations of the present sort "virtually guarantee[] as much by introducing uncertainty, doubt and confusion into the law . . . and further no discernible legal value of any kind, other than litigation and still more litigation." *Id.* I would reverse the Court of Appeals and reinstate the trial court's grant of summary disposition in favor of defendant.

CORRIGAN, J., joins the statement of MARKMAN, J.

DAVIS, J., not participating. I recuse myself and am not participating because I was on the Court of Appeals panel in this case. See MCR 2.003(B).



I, Corbin R. Davis, Clerk of the Michigan Supreme Court, certify that the foregoing is a true and complete copy of the order entered at the direction of the Court.

October 8, 2010

Clerk

y1005