# STATE OF MICHIGAN

# COURT OF APPEALS

KATHRINE CURTIS,

      Plaintiff-Appellee,

v

CITY OF CHARLEVOIX,

      Defendant-Appellant.

UNPUBLISHED
November 22, 2016

No. 328456
Charlevoix Circuit Court
LC No. 15-017825-NO

Before: RONAYNE KRAUSE, P.J., and O'CONNELL and GLEICHER, JJ.

PER CURIAM.

In this governmental-immunity case, defendant, the city of Charlevoix, appeals as of right the trial court's order denying defendant's motion for summary disposition pursuant to MCR 2.116(C)(7). The trial court concluded that the pavement where plaintiff was injured—a walkway which ran alongside a drive-through parking lot and connected at either end to parallel city streets—was adjacent to those two streets. Because this decision is contrary to binding caselaw, we are constrained to reverse and remand for entry of summary disposition in defendant's favor.

Plaintiff tripped and fell, injuring her ankle, after a misstep on a tree grate in the middle of a sidewalk that ran alongside a parking lot owned by defendant. Both the linear parking lot and the sidewalk ran perpendicular to, and connected with, two parallel city streets. Specifically, the complaint stated that plaintiff had been "walking from the Cinema III, through the Kusina/Beacon Center municipal parking lot," and that defendant "owns the Kusina/Beacon Center municipal parking lot, including the sidewalk within the parking lot."

Defendant moved for summary disposition under MCR 2.116(C)(7), asserting that the sidewalk was not adjacent to a public highway, and therefore, the highway exception to governmental immunity, MCL 691.1402, did not apply. Defendant argued that, under MCL 691.1402a, plaintiff had to show that she fell on a sidewalk adjacent to a public highway outside of the improved portion of the highway designed for vehicular traffic. At the hearing on the motion, the trial court referenced *Black's Law Dictionary*, using the definition " 'lying near or close to, but not necessarily touching.' And then as a comparison it gives 'adjoining.' " In applying this definition, the trial court ruled as follows:

> [I]t sure looks like a sidewalk and it's a continuation – you know, a – perpendicular continuation of the sidewalk along Antrim Street and the sidewalk

-1-

along Mason Street. So it's a sidewalk. . . . The question is, [is] it adjacent? It is lying near or close to but not necessarily touching the sidewalks, and both of those public roads. It's obviously more closely associated with that parking lot, which is not a public highway under the definitions of these statutory sections, but I think it's close enough to Mason Street and Antrim Streets to meet the definition of adjacent under Black's Law Dictionary.

Accordingly, the trial court denied defendant's motion for summary disposition and this appeal followed.

We review de novo a trial court's decision on a motion for summary disposition. Under MCR 7.2116(C)(7) the court's decisions regarding the applicability of governmental immunity and the statutory exceptions to immunity are also reviewed de novo on appeal. *Moraccini v Sterling Hts*, 296 Mich App 387, 391; 822 NW2d 799 (2012). Although the moving party may submit documentary support for its motion, the contents of the complaint must be accepted as true unless contradicted by the documentary evidence. *Id*.

The governmental tort liability act (GTLA), MCL 691.1401 *et seq.*, broadly shields a governmental agency from tort liability "if the governmental agency is engaged in the exercise or discharge of a governmental function." MCL 691.1407(1). Exceptions exist, including the "highway exception," MCL 691.1402, which includes sidewalks to a certain extent: "A municipal corporation in which a sidewalk is installed adjacent to a municipal, county, or state highway shall maintain the sidewalk in reasonable repair." MCL 691.1402a(1). "An action may not be maintained under the highway exception unless it is clearly within the scope and meaning of the statute." *Hatch v Grand Haven Charter Twp*, 461 Mich 457, 464; 606 NW2d 633 (2000). The statutory scheme defines "sidewalk" but not "adjacent": " 'Sidewalk', except as used in subdivision (c), means a paved public sidewalk intended for pedestrian use situated outside of and adjacent to the improved portion of a highway designed for vehicular travel." MCL 691.1401(f).

At the hearing, the focus of the parties' arguments was on the meaning of "adjacent." The trial court referenced *Black's Law Dictionary*'s definition for adjacent: " 'lying near or close to, but not necessarily touching.' And then as a comparison it gives 'adjoining.' " The court applied this definition, noting that the sidewalk in question looked like the sidewalks running along the public streets and that it was a "perpendicular continuation" of those sidewalks. It was "lying near or close to but not necessarily touching the sidewalks, and both of those public roads." The court found this met the definition of "adjacent to" and accordingly denied defendant's motion.

We find that the trial court erred by focusing on the dictionary meaning of "adjacent" while failing to recognize that caselaw regarding the meaning of "sidewalk" is quite specific: "[A] sidewalk is a path for pedestrians *along the side of a road*." *Hatch*, 461 Mich at 464 (emphasis added). This Court explored the meaning of "sidewalk" in depth in *Stabley v Huron-Clinton Metro Park Auth*, 228 Mich App 363, 367; 579 NW2d 374 (1998):

> According to *Webster's New World Dictionary*, a "sidewalk" is "a path for pedestrians, usually paved, along the side of a street." The *American Heritage*

-2-

*Dictionary: Second College Edition* defines "sidewalk" as a "walk or raised path for pedestrians along the side of a road." *Random House Webster's College Dictionary* (1992) defines "sidewalk" as "a usu. paved walk at the side of a roadway." In Black's Law Dictionary (6th ed), "sidewalk" is defined as "[t]hat part of a public street or highway designed for the use of pedestrians."

Furthermore, the Supreme Court has looked to definitions set forth in the Michigan Vehicle Code to ascertain the meaning of terms shared by the Michigan Vehicle Code and the governmental immunity statute. See *Roy v Dep't of Transportation*, 428 Mich 330, 338–340; 408 NW2d 783 (1987). In the Michigan Vehicle Code, the term "sidewalk" is defined as "that portion of a street between the curb lines, or lateral lines of roadway, and the adjacent property lines intended for the use of pedestrians." MCL 257.60; MSA 9.1860. [*Stabley*, 228 Mich App at 367-368 (footnotes omitted).]

The *Stabley* Court concluded that where the path did not run alongside the road, it was not a sidewalk for purposes of the statute:

[W]e conclude that linking the word "sidewalk" with an adjacent road is in accord with the common and approved usage of the word. Plaintiff's fall did not occur on the portion of the trail that *runs adjacent to the roadway*, but rather on the portion that runs through the wooded interior of the park. Because plaintiff's fall did not occur on a pedestrian way that *ran alongside a public roadway*, plaintiff's fall did not occur on a "sidewalk" within the meaning of MCL 691.1401(e); MSA 3.996(101)(e)." [*Id*. at 369 (emphasis added, citation omitted).]

This Court did not state that none of the trail was a sidewalk, nor did it affirmatively state that the part of the trail running adjacent to the road was a sidewalk; it only made clear that the part of the path that was not alongside the road was not a sidewalk. There was no mention of how near the *plaintiff* was to the roadway when the spill occurred; what was important to the Court was that the *path* where the injury occurred did not run alongside the road. Contrary to plaintiff's argument, *Stabley* clearly states that it is the orientation of the walkway in relation to the road that matters, not the proximity of the accident to the road.

This Court again applied this rationale in *Haaksma v Grand Rapids*, 247 Mich App 44; 634 NW2d 390 (2001), where the facts are markedly similar to those of the present case. In *Haaksma*, 247 Mich App at 49-50, the plaintiff sued both the city, which owned the sidewalk, and the owner of the adjacent building, which had put a temporary patch on exposed wires that had injured the plaintiff when she stepped on them. The sidewalk in that case "runs between, not alongside, Monroe and Ottawa Streets and is adjacent to a parking lot and 50 Monroe Place." *Id*. at 55. This Court held that the trial court's grant of summary disposition in favor of the city "is clearly supported by Michigan case law." *Id*. at 47. The plaintiff's arguments in *Haaksma* were similar to those made by plaintiff in the present case:

Plaintiff claims that *Stabley* is distinguishable because, here, the length of the sidewalk is short, the sidewalk is located in a downtown area with regular

pedestrian traffic, and the sidewalk "is part of one interconnected sidewalk system." However, the length of the sidewalk and the amount of foot traffic it bears is not relevant to our interpretation of the phrase "sidewalks . . . on a highway" because the statute makes no such distinction. MCL 691.1401(e). Moreover, regardless of whether the sidewalk is part of an "interconnected sidewalk system," parts of which may run parallel to a roadway, *Stabley* makes clear that the critical inquiry is whether the injury occurred on a portion of the sidewalk that *runs adjacent to a public roadway. Stabley*, [228 Mich App] at 369. Accordingly, the trial court did not err in ruling that the highway exception does not apply to plaintiff's claim against the city. [*Haaksma*, 247 Mich at 55-56 (emphasis in original).]

Notably, this Court made no mention of whether the parking lots in *Haaksma* allowed through traffic because that was not a factor in its analysis. Contrary to plaintiff's assertion that *Haaksma* impermissibly added to the statute the requirement that a sidewalk must be both "adjacent to" *and* "parallel to" the roadway, it is apparent from *Stabley*, 228 Mich App at 369, that, as used in the statute, the word "sidewalk" itself inherently includes the requirement that the walkway runs alongside a road.

Finally, we need not consider plaintiff's alternative basis for affirming, which is that the parking lot in this case was in fact a street because it serves as a throughway. Plaintiff's complaint consistently alleged that she was walking "through [a] parking lot" and fell on "the sidewalk within the parking lot." "[W]here a plaintiff does not plead facts in avoidance of governmental immunity and only, as an afterthought, claims facts on appeal that might raise a question of fact, this Court is inclined to accept the claims in plaintiff's original complaint, which entitled defendant to summary disposition." *Collins v Ferndale*, 234 Mich App 625, 631; 599 NW2d 757 (1999). We express no opinion, and none should be implied, regarding the substantive merit of this argument; we state only that this argument is not properly before us.

Accordingly, the trial court erred in denying defendant's motion for summary disposition. We therefore reverse and remand for entry of an order granting summary disposition in favor of defendant.

/s/ Amy Ronayne Krause
/s/ Peter D. O'Connell
/s/ Elizabeth L. Gleicher