*If this opinion indicates that it is "FOR PUBLICATION," it is subject to
revision until final publication in the Michigan Appeals Reports.*

# STATE OF MICHIGAN

# COURT OF APPEALS

LIMALE BA,

        Plaintiff-Appellee,

v

PITTSFIELD CHARTER TOWNSHIP,

        Defendant-Appellant.

UNPUBLISHED
May 21, 2025
12:01 PM

No. 370328
Washtenaw Circuit Court
LC No. 23-000385-NO

Before: MARIANI, P.J., and MALDONADO and YOUNG, JJ.

PER CURIAM.

In this personal injury action, defendant, Pittsfield Charter Township ("Pittsfield"), appeals as of right the March 20, 2024 order denying its motion for summary disposition under MCR 2.116(C)(7) (immunity granted by law).[1] On appeal, Pittsfield argues governmental immunity should bar plaintiff, Limale Ba's, negligence claim because the sidewalk where plaintiff tripped and fell is not adjacent to a highway and thus does not fall within the highway exception to governmental immunity. For the reasons set forth, we disagree and affirm the trial court's order denying summary disposition under MCR 2.116(C)(7).

## I. FACTUAL AND PROCEDURAL BACKGROUND

Plaintiff, a former soccer player, typically jogged five days a week for about one hour on the same route around his neighborhood. On October 10, 2022, plaintiff was jogging near his residence, heading west on Ellsworth Road toward Stone School Road in Pittsfield Charter Township. Shortly after beginning his jog and before reaching Stone School Road, plaintiff tripped and fell on the sidewalk. Plaintiff broke his right femur and required emergency surgery.

---

[1] Pittsfield also requested summary disposition under MCR 2.116(C)(10) which was likewise denied. However, the parties do not appeal the trial court's order under MCR 2.116(C)(10), so we only review the trial court's order under MCR 2.116(C)(7).

On March 21, 2023, plaintiff filed a complaint containing one count of general negligence against Pittsfield for negligently maintaining the portion of the sidewalk where he fell. Pittsfield filed its answer asserting all available defenses under the Governmental Tort Liability Act ("the GTLA"), MCL 691.1401, *et seq*. During discovery, Matthew Best, the director of municipal services for Pittsfield, was deposed. Best acknowledged that the sidewalk at issue is within Pittsfield Charter Township, however Best's department had no record of the construction of the sidewalk where plaintiff fell. Best denied that plaintiff's fall occurred within a right-of-way and denied that the sidewalk was adjacent to Pittsfield's municipal highways.

On January 31, 2024, Pittsfield moved for summary disposition under MCR 2.116(C)(7) and MCR 2.116(C)(10). Pittsfield argued that it was entitled to summary disposition because it did not possess and control the sidewalk or, in the alternative, because the highway exception to governmental immunity did not apply. The highway exception, MCL 691.1402a(1), provides, in relevant part, that a "municipal corporation in which a sidewalk is installed adjacent to a municipal, county, or state highway shall maintain the sidewalk in reasonable repair," but according to Pittsfield, the sidewalk where plaintiff fell was not "adjacent to" a public highway.

Plaintiff responded to Pittsfield's motion for summary disposition, arguing that the sidewalk at issue, while not exactly parallel, is adjacent to the roadway and covered by the highway exception to the GTLA. Pittsfield, the municipality in which the sidewalk was installed, had the responsibility to maintain the sidewalk in reasonable repair under MCL 691.1402a(5). Pittsfield replied that the sidewalk at issue here was "indisputably diagonal and not adjacent to a highway." After hearing oral argument on these issues, the trial court opined: "I think the sidewalk up to the point where plaintiff fell . . . is clearly without a doubt adjacent to a highway . . . . I just don't think [the Legislature] meant it that far either of, of requiring [']completely parallel to.['] So I find that little stretch where plaintiff fell, I think that's clearly adjacent to a highway." The trial court denied Pittsfield's motion for summary disposition under MCR 2.116(C)(7).[2] Pittsfield now appeals the trial court's decision as to MCR 2.116(C)(7).

## II. ANALYSIS

Pittsfield argues that the trial court erred in denying it's motion for summary disposition because the trial court incorrectly found the sidewalk adjacent to its highway. We disagree and affirm.

---

[2] The trial court also found Pittsfield was not entitled to summary disposition under MCR 2.116(C)(10) "for all the reasons in Plaintiff's brief . . . ," which were that because Best acknowledged in his deposition that the sidewalk was installed within Pittsfield, that Pittsfield, not the city of Ann Arbor, was responsible to maintain the sidewalk in reasonable repair under MCL 691.1402a(1). Thus, because Pittsfield was denying it had to maintain the sidewalk, there was a genuine dispute of fact that Pittsfield possessed and controlled the sidewalk at the time of the incident. As stated, this decision is not challenged on appeal.

## A. STANDARD OF REVIEW

We review de novo a trial court's decision on a motion for summary disposition. *El-Khalil v Oakwood Healthcare, Inc*, 504 Mich 152, 159; 934 NW2d 665 (2019). "Further, the determination regarding the applicability of governmental immunity and a statutory exception to governmental immunity is a question of law that is also subject to review de novo." *Snead v John Carlo Inc*, 294 Mich App 343, 354; 813 NW2d 294 (2011).

Summary disposition is appropriate under MCR 2.116(C)(7) when a defendant is entitled to immunity granted by law. *Norman v Dep't of Transp*, 338 Mich App 141, 146; 979 NW2d 390 (2021). "When reviewing a motion under MCR 2.116(C)(7), the trial court must accept as true all of the plaintiff's well-pleaded factual allegations and construe them in favor of the plaintiff unless disputed by documentary evidence submitted by the moving party." *Id.* "A party may support a motion under MCR 2.116(C)(7) by affidavits, depositions, admissions, or other documentary evidence" and the trial court is required to consider such material if submitted. *Maiden v Rozwood*, 461 Mich 109, 119; 597 NW2d 817 (1999). "[A] movant under MCR 2.116(C)(7) is not required to file supportive material, and the opposing party need not reply with supportive material." *Id.* "If no facts are in dispute, or if reasonable minds could not differ regarding the legal effect of the facts, the question whether the claim is barred by governmental immunity is an issue of law for the trial court to decide." *Norman*, 338 Mich App at 146-147. "The trial court properly grants a motion for summary disposition under MCR 2.116(C)(7) when the undisputed facts establish that the moving party is entitled to immunity granted by law." *Allen v Bloomfield Hills Sch Dist*, 281 Mich App 49, 52; 760 NW2d 811 (2008).

"To the extent that resolution of this issue involves statutory interpretation, [we review] de novo whether the circuit court properly interpreted and applied the relevant statutes." *Wiesner v Washtenaw Co Community Mental Health*, 340 Mich App 572, 580; 986 NW2d 629 (2022) (citation omitted).

## B. THE TRIAL COURT DID NOT ERR IN DENYING PITTSFIELD SUMMARY DISPOSITION UNDER MCR 2.116(C)(7)

Pittsfield argues on appeal that the trial court erred in denying its motion for summary disposition under MCR 2.116(C)(7) because plaintiff fell on a sidewalk that is not adjacent to its municipal highway. Consequently, the highway exception did not apply, and Pittsfield was entitled to governmental immunity. Plaintiff argues that the trial court correctly denied Pittsfield's motion because the sidewalk where plaintiff tripped and fell was adjacent to Pittsfield's municipal highway. Thus, plaintiff argues that an exception to governmental immunity under the GTLA applies. We agree with plaintiff and affirm.

"Except as otherwise provided, the government tort liability act . . . broadly shields and grants to governmental agencies immunity from tort liability when an agency is engaged in the exercise or discharge of a governmental function." *Moraccini v Sterling Hts*, 296 Mich App 387, 391; 822 NW2d 799 (2012). "A governmental agency can be held liable under the GTLA only if a case falls into one of the enumerated statutory exceptions." *Id*. at 391-392 (quotation marks and citations omitted).

One of the exceptions to governmental immunity enumerated in the GTLA is the highway exception, MCL 691.1402a(1). To ascertain whether that exception applies, the first step is to focus on the language in the statute itself. *Turner v ACIA*, 448 Mich 22, 27; 528 NW2d 681 (1995). If, after review of the language of the statute, this Court determines the statute is unambiguous on its face, "the drafter is presumed to have intended the meaning plainly expressed and further judicial interpretation is not permitted." *City of Romulus v Mich Dep't of Environmental Quality*, 260 Mich App 54, 65; 678 NW2d 444 (2003), citing *Colucci*, 256 Mich App at 94. "Only where the statutory language is ambiguous may a court properly go beyond the words of the statute to ascertain legislative intent." *Sun Valley Foods Co v Ward*, 460 Mich 230, 236; 596 NW2d 119 (1999).

MCL 691.1402a(1) states "[a] municipal corporation in which a sidewalk is installed adjacent to a municipal, county, or state highway shall maintain the sidewalk in reasonable repair." The statute only specifies that where a sidewalk is installed "adjacent to" a municipal, county, or state highway, the municipal corporation in which it is installed shall maintain that sidewalk in reasonable repair. The statute does not contain the word "parallel" and does not imply, as Pittsfield suggests, a requirement that the sidewalk be parallel to a municipal, county, or state highway. Further, neither this Court's precedent, nor a dictionary definition, hold that in order to be adjacent, two objects must be parallel. *Black's Law Dictionary* (12th ed) defines "adjacent" as "lying near or close to." It does not employ the word "parallel" or use a synonym for the same.

The case law relied upon by Pittsfield is also unavailing. On appeal, Pittsfield argues that this case is controlled by this Court's opinion in *Stabley v Huron-Clinton Metro Park Auth*, 228 Mich App 363; 579 NW2d 374 (1998). In *Stabley*, the plaintiff tripped and fell while roller-blading on a paved trail in a park. *Id*. at 364. Evidence presented by the defendant, the metro park, showed that the trail was designated a "Hike-Bike Trail," and not a sidewalk. *Id*. This Court held that the trial court correctly granted the metro park's motion for summary disposition under MCR 2.116(C)(7) because the "[p]laintiff's fall did not occur on the portion of the trail that runs adjacent to the roadway, but rather on the portion that runs through the wooded interior of the park." *Id*. at 369. The facts in *Stabley* are distinguishable from the instant case because, as discussed, *Stabley* involved a portion of a park trail that was not close to a municipal, state, or county road, let alone adjacent to one. Thus, *Stabley* does not have instructive or persuasive value.

Pittsfield also cites to *Haaksma v City of Grand Rapids*, 247 Mich App 44; 634 NW2d 390 (2001), in its brief to support its proposition that the highway exception does not apply to the facts of this case. In *Haaksma*, the plaintiff stepped on exposed electrical wires on a sidewalk that ran between a city-owned parking lot and a private building, but not adjacent to a public roadway. *Id*. at 50. This Court affirmed, concluding that the lower court correctly granted summary disposition for the city under MCR 2.116(C)(7) because the sidewalk was not adjacent to a municipal highway where it was not alongside the public roadway, but instead ran adjacent to a city-owned parking lot on one side and a private building on another. *Id*. at 55. The facts in the instant case are distinguishable from those in *Haaksma* because the sidewalk in the instant case runs beside a public roadway, not in between a parking lot and a building.

A trial court reviewing a motion under MCR 2.116(C)(7) is required to accept as true "all of the plaintiff's well-pleaded factual allegations and construe them in favor of the plaintiff unless disputed by documentary evidence submitted by the moving party." *Norman*, 338 Mich App at

-4-

146. Pittsfield did not submit supporting documentary evidence and admits the relevant facts are undisputed. Pittsfield's position under those undisputed facts is unsupported by the plain language of the statute, the dictionary definition of "adjacent," and the caselaw, and we decline to adopt it.

The trial court did not err when it decided the undisputed facts establish Pittsfield is not entitled to governmental immunity.

## III.  CONCLUSION

The trial court correctly denied Pittsfield's motion for summary disposition under MCR 2.116(C)(7) because the highway exception to governmental immunity under the GTLA applies.  We affirm.

/s/ Philip P. Mariani
/s/ Allie Greenleaf Maldonado
/s/ Adrienne N. Young